# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 99-3444

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | Appeal from the United States |
| | * | District Court for the District |
| v. | * | of Minnesota. |
| | * | |
| Royal Terrell Arrington, | * | |
| | * | |
| Appellant. | * | |

_____

Submitted: May 9, 2000

Filed: June 20, 2000

_____

Before WOLLMAN, Chief Judge, FAGG and MURPHY, Circuit Judges.

_____

FAGG, Circuit Judge.

Royal Terrell Arrington appeals his conviction and sentence as a felon in possession of a firearm under 18 U.S.C. § 922(g)(1). We affirm Arrington's conviction, but vacate his sentence and remand to the district court.

Arrington was arrested in Hennepin County, Minnesota after a high speed chase that ended when Arrington and his passsenger jumped from their moving car and fled. During an inventory search of Arrington's car, a shotgun was found in the hatchback. Arrington was charged with felony firearm possession and fleeing police. At the police

station he was advised of his Miranda rights, requested counsel, and was represented throughout the course of the state proceedings. Arrington pleaded guilty to the charge of fleeing police and the firearm charge was dropped. Shortly after Arrington began serving his state sentence, an Alcohol, Tobacco, and Firearms (ATF) agent arrested Arrington at the Hennepin County Detention Center on a federal felon in possession charge and again advised Arrington of his Miranda rights. Arrington waived his Miranda rights and gave a statement to the ATF agent. A jury convicted Arrington on the federal charge and he was sentenced to 77 months imprisonment and three years of supervised release. Arrington appeals his federal conviction and sentence.

Arrington first contends his statement to the ATF agent was taken in violation of his Fifth Amendment right to counsel and should have been suppressed under Edwards v. Arizona, 451 U.S. 477 (1981), and Arizona v. Roberson, 486 U.S. 675 (1988). We agree that Edwards and Roberson mandate that "after a person in custody has expressed his desire to deal with the police only through counsel, he 'is not subject to further interrogation by the authorities until counsel has been made available to him, unless the accused himself initiates further communication, exchanges, or conversations with the police,'" Roberson, 486 U.S. at 682, and that this rule applies "[w]hether a contemplated reinterrogation concerns the same or a different offense, or whether the same or different law enforcement authorities are involved in the second investigation," id. at 687. Although the Fifth Amendment right to counsel continues throughout the duration of police custody, see Butler v. Aiken, 846 F.2d 255, 258 (4th Cir. 1988), we find no support in Edwards or Roberson for Arrington's contention that the right also "continu[es] ad infinitum," and certainly not where, as here, the accused has entered a guilty plea and has begun serving his sentence. United States v. Hall, 905 F.2d 959, 963 (6th Cir. 1990) (Edwards and Roberson do not give unlimited blanket protection to defendant invoking Fifth Amendment right to counsel). When Arrington was arrested on state charges, he validly invoked his Fifth Amendment right to counsel and that right was scrupulously honored throughout the state proceedings. After pleading guilty to the state flight charge, Arrington was transferred from police custody to

correctional custody to serve his sentence. At that point, Arrington was no longer "'in custody' as that term has been used in the context of Edwards and Roberson," id. at 962, and Edwards and Roberson were no longer applicable as a basis for suppressing Arrington's statement to the ATF agent, see McNeil v. Wisconsin, 501 U.S. 171, 177 (1991) (break in custody makes Edwards inapplicable); Holman v. Kemna, No. 99-1552, 2000 WL 556878, at *4 (8th Cir. May 5, 2000) (same). Thus, the district court properly denied Arrington's motion to suppress his statement.

We reject Arrington's claim that the district court erroneously denied his motion for judgment of acquittal because Arrington's conviction was supported by substantial evidence, see United States v. Boyd, 180 F.3d 967, 978-79 (8th Cir. 1999), and as the district court observed, "[a] juror could reason that [Arrington's] possession [of a firearm] was the explanation for his dangerous and lengthy flight from police." We also reject Arrington's claim that the district court should have granted his motion for a new trial. Contrary to Arrington's view, the district court properly instructed the jury on the use of hearsay testimony during final jury instructions, see United States v. Perkins, 94 F.3d 429, 436 (8th Cir. 1996); even assuming the prosecutor improperly used the hearsay testimony to argue the truth of the matter asserted, Arrington was not prejudiced by the alleged misuse because, as the district court noted, the testimony "was essentially useless . . . as [the witness] provided nonresponsive and inconsistent answers" and the properly admitted evidence was strong enough to convict, see United States v. Triplett, 195 F.3d 990, 997 (8th Cir. 1999), cert. denied, 120 S. Ct. 1735 (2000); and the prosecutor's misstatement of the law of constructive possession was also harmless because the court announced that it would instruct the jury on the law and the prosecutor corrected his misstatement during rebuttal, see id. These alleged errors do not individually or collectively suggest a miscarriage of justice requiring a new trial. See United States v. McBride, 862 F.2d 1316, 1319 (8th Cir. 1988).

Finally, Arrington claims his sentence must be vacated because the district court failed to hold an evidentiary hearing on a contested factual statement in the presentence

report. On this point, we agree. Arrington's written objection, which specifically stated "[t]he defendant contends that the[] [§ 2K2.1(b)(4) stolen firearm] enhancement[] [is] not warranted either by the facts or the law, and objects to any facts contained in the presentence investigation upon which those enhancements are based," triggered the district court's obligation to make a factual finding regarding whether the shotgun was stolen if the enhancement was to be applied. See United States v. Greene, 41 F.3d 383, 386 (8th Cir. 1994) (per curiam). In making its finding, the district court was bound to "do so on the basis of evidence and not the presentence report," because "the presentence report is not evidence and not a legally sufficient bas[i]s for making findings on contested issues of fact." Id.; see also United States v. Wise, 976 F.2d 393, 404 (8th Cir. 1992) (en banc) (a full evidentiary hearing is not required as long as the court ensures the parties an adequate opportunity to present relevant information). On the record before us, it is not clear that the district court considered any evidence beyond the bald assertion in the presentence report that the shotgun "was confirmed stolen from Sacramento, California." Because it is also unclear from the record whether the district court would have sentenced Arrington to 77 months without the stolen weapon enhancement, we cannot say application of the enhancement was harmless error. See United States v. O'Hagan, 139 F.3d 641, 658 (8th Cir. 1998). We thus vacate Arrington's sentence and remand for a factual determination by the district court and resentencing.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-4-