# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No.  00-3096

———————

| | |
|---|---|
| United States of America, | * |
| | * |
| Plaintiff-Appellee, | * |
| | *   Appeal from the United States |
| v. | *   District Court for the District |
| | *   of Minnesota. |
| Royal Terrell Arrington, | * |
| | * |
| Defendant-Appellant. | * |

———————

Submitted:  June 12, 2001
Filed:  June 28, 2001

———————

Before WOLLMAN, Chief Judge, HAMILTON[1] and MURPHY, Circuit Judges.

———————

MURPHY, Circuit Judge.


Royal Terrell Arrington appeals from his resentencing after remand.  On the original appeal from his conviction and 77 month sentence for being a felon in possession of a firearm, he attacked a sentencing enhancement applied by the district court.  We held that it was unclear from the record if the district court had considered any evidence beyond the presentence report and whether it would have sentenced

_____

[1]The Honorable Clyde H. Hamilton, United State Circuit Judge for the Fourth Circuit, sitting by designation.

Arrington to 77 months if the enhancement for stolen firearm were not applicable. We remanded for resentencing, and Arrington was again sentenced to 77 months. He appeals, and we affirm.

The indictment in this case grew out of a law enforcement chase. Arrington was observed by a Minneapolis police officer driving at an excessive rate of speed and running stop signs. The officer radioed for a marked patrol car to make a traffic stop. When the marked car started to pursue Arrington, he made a quick turn and led police on a high speed chase through residential streets with speeds exceeding 100 miles per hour. Arrington jumped out of the car while it was still moving and fled. After an intensive search of the area, he was found hiding in a residential neighborhood against a fence. An inventory search of his car revealed a loaded shotgun.

Arrington was arrested and indicted for being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). He entered into a plea agreement which foresaw a guideline range of 37 to 46 months under the United States Sentencing Guidelines (U.S.S.G.), but gave him the right to withdraw his plea if the sentence imposed was more than 37 months. The district court assigned Arrington a base offense level of 20, added a two level stolen firearm enhancement under U.S.S.G. § 2k2.1(b)(4), and a two level enhancement for reckless endangerment during flight under U.S.S.G. § 3C1.2, then deducted three levels for acceptance of responsibility. The resulting guideline range was 57 to 71 months, and the court imposed a sentence of 57 months and 3 years supervised release. Arrington then withdrew his guilty plea.

The case proceeded to trial, and the jury found Arrington guilty. At sentencing the court started with the same guideline calculation as before, but did not credit Arrington for acceptance of responsibility. Without that three level reduction, the guideline range was 77 to 99 months. The court sentenced him to 77 months and 3

years supervised release. Arrington appealed and raised numerous issues, one of which was that there was no basis for the two level enhancement for stolen firearm. Arrington's conviction was affirmed, but his sentence was vacated and the case was remanded for a factual determination as to whether the firearm was stolen and for resentencing. See United States v. Arrington, 215 F.3d 855 (8th Cir. 2000).

At resentencing, Arrington argued that there was no factual basis for the two level stolen firearm enhancement. The district court agreed and recalculated his guideline range at 63 to 78 months, based on an adjusted base offense level of 22 and a criminal history category of IV. The court again sentenced Arrington to 77 months and 3 years supervised release.

On appeal Arrington argues that the sentence on remand violated his due process rights because it was presumptively vindictive. He points out that the post trial sentence was at the bottom of the guideline range but that his final sentence was near the top of the new range, and contends that there was no showing that he had engaged in conduct after his post trial sentencing to warrant a sentence at the top end of the range. The United States responds that the sentence on remand was not more severe than the post trial sentence, that it was identical, and that it was not vindictive. It also asserts that a sentence within the guideline range is not reviewable.

"A sentence is unconstitutionally vindictive if it imposes greater punishment because the defendant exercised a constitutional right . . . ." Waring v. Delo, 7 F.3d 753, 758 (8th Cir. 1993). If "a more severe sentence" is imposed after a new trial, "the reasons for doing so must affirmatively appear." North Carolina v. Pearce, 395 U.S. 711, 726 (1969), *overruled in part by*, Alabama v. Smith, 490 U.S. 794 (1989). "Otherwise a presumption arises that a greater sentence has been imposed for a vindictive purpose . . . [which] must be rebutted by 'objective information . . . justifying

the increased sentence.'" Smith, 490 U.S. at 798-99 (citation omitted).  In this case, Arrington's post trial sentence was exactly the same as his sentence on remand.  Since a more severe sentence was not imposed, Arrington cannot make out a claim of vindictiveness.  See United States v. Vontsteen, 950 F.2d 1086, 1092 (5th Cir. 1992). Just because Arrington was sentenced at the bottom of the original range does not mean that he had a right to be sentenced at any particular point in the recalculated guideline range.  He was sentenced within the guideline range, and no presumption of vindictiveness arose because he was not sentenced at his preferred  point in the applicable range.  Moreover, we have examined the resentencing transcript and find no hint of vindictiveness.

Arrington also asserts that the district court erred by not pointing to any conduct of Arrington subsequent to his post trial sentencing which would warrant a sentence near the top end of the range instead of the bottom.  Arrington's contention that he should have been sentenced at the low end of the range is not reviewable.  See United States v. Hutchinson, 926 F.2d 746, 747 (8th Cir. 1991) (court need not state reasons for imposing a sentence within the guidelines range if range is less than 24 months).

For these reasons, we affirm the judgment of the district court.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS,  EIGHTH CIRCUIT.

-4-