# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 01-1480

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | |
| | * | Appeal from the United States |
| | * | District Court for the Western |
| | * | District of Missouri |
| v. | * | |
| | * | |
| Joshua D. Stapleton, | * | |
| | * | |
| Appellant. | * | |

_____

Submitted: June 12, 2001

Filed: September 12, 2001

_____

Before LOKEN, HALL,[1] and ROSENBAUM,[2] Circuit Judges.

_____

HALL, Circuit Judge.

Defendant Joshua Stapleton challenges his sentence for unlawful possession of a firearm by a convicted felon under 18 U.S.C. § 922(g). In calculating Stapleton's

---

[1]The Honorable Cynthia Holcomb Hall, United States Circuit Judge for the Ninth Circuit, sitting by designation.

[2]The Honorable James M. Rosenbaum, United States District Judge for the District of Minnesota, sitting by designation.

criminal history score under the sentencing guidelines, the district court relied solely on a presentence report ("PSR"). Both before and during sentencing, Stapleton objected that the PSR wrongly counted two municipal convictions and a 1992 juvenile adjudication in calculating his criminal history category. He argues that the district court is required to do more at sentencing than adopt the factual findings proposed by a probation officer in a PSR when those factual findings are in dispute. We agree.

A specific objection to a statement in a PSR triggers a district court's obligation to make a finding as to the factual dispute. See Fed. R. Crim. P. 32(c); United States v. Arrington, 215 F.3d 855, 867 (8th Cir. 2000). In making its finding, the district court is bound to "do so on the basis of the evidence and not the presentence report" because "the presentence report is not evidence and not a legally sufficient bas[i]s for making findings on contested issues of fact." United States v. Greene, 41 F.3d 383, 386 (8th Cir. 1994).

Stapleton objects to the PSR's account of his previous convictions for two reasons. First, he contends that he never pled guilty to the two municipal convictions. Second, he maintains that he did not serve any part of his 1992 juvenile conviction within five years of the commission of the instant offense, and, therefore, it should not be counted towards his criminal history score. See U.S.S.G. § 4A1.2(d)(2)(A). Here, the sentencing judge did note Stapleton's objections and gave his counsel the opportunity to speak to them in court. The judge, thereafter, asked the probation officer who wrote the PSR for his response. But while the judge or Stapleton's counsel occasionally asked the probation officer follow up questions, no further inquiry was made.

We recognize that the Sentencing Guidelines do not mandate a full evidentiary hearing when a defendant disputes a PSR's factual representation. See U.S.S.G. § 6A1.3, commentary (explaining that "[w]ritten statements of counsel or affidavits of witnesses may be adequate under many circumstances" for settling a factual dispute

2

about a factor important to the sentencing determination).  But some investigation and verification of the disputed statements in the PSR is required.  The government admits that it presented no evidence regarding either the municipal convictions or the juvenile adjudications other than the statements offered by the probation officer in response to the court's questions.

The probation officer was not under oath at the sentencing hearing and Stapleton's counsel did not have an opportunity to cross-examine him.  We do not find this to be a sufficient basis for resolving the factual disputes over the PSR's accounts of the prior convictions.  Cf. United States v. Wise, 976 F.2d 393, 404-05 (8th Cir. 1992) (holding that a trial judge's decision to put the probation officer who wrote a presentence report under oath during the sentencing hearing and allow the defense to voice its objections and cross examine the probation officer was constitutionally sufficient).  When a defendant contests facts alleged in a PSR, the government must produce evidence to convince the sentencing court that its position is correct.  See United States v. Hammer, 3 F.3d 266, 268 (8th Cir. 1993).  The government claims that it has evidence to support its version of the facts; if so, the government should be required to present this evidence to the court instead of relying on unsubstantiated statements in a PSR.  The district court erred in not putting the government to its proper burden in this case.

The government contends that the terms of Stapleton's plea agreement prevent him from contesting the manner in which he was sentenced.  We read the plea agreement differently.  Although the agreement states "[t]he defendant agrees not to appeal or otherwise challenge the constitutionality or legality of the Sentencing Guidelines," Stapleton objects to the trial court's failure to conduct a hearing on disputed evidence, not to the unconstitutionality of a particular sentencing provision.  The agreement reads: "The parties may advocate any position at the sentencing hearing regarding any sentencing issues not addressed in this agreement."  We conclude that Stapleton did not waive his right to challenge the sufficiency of the government's

evidence of his prior convictions and the sentencing court's review of that evidence.

Accordingly, we reverse Stapleton's sentence and remand for a factual determination by the district court and resentencing. The existing record should be reopened so that both sides may submit evidence regarding the disputed convictions.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

4