# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 02-1806

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Plaintiff - Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Eastern District of Missouri. |
| Monroe Evans, also known as Ty, | * | |
| also known as Daddy, | * | |
| | * | |
| Defendant - Appellant. | * | |

_____

Submitted: September 20, 2002

Filed: December 24, 2002

_____

Before HANSEN, Chief Judge, RICHARD S. ARNOLD and LOKEN, Circuit Judges.

_____

LOKEN, Circuit Judge.

A jury convicted Monroe Evans of three prostitution and Mann Act counts and four money laundering counts. At sentencing, the district court departed upward and sentenced Evans to 396 months in prison. On appeal, we affirmed the conviction and the upward departure but remanded for resentencing because the sentences imposed on two counts were based upon increases to the statutory maximums enacted after Evans committed his offenses, which violated the Ex Post Facto Clause. United States v. Evans, 272 F.3d 1069, 1090-92 (8th Cir. 2001), cert. denied, 122 S. Ct. 1638 (2002). On remand, the district court again imposed a 396-month sentence, offsetting

reduced sentences on those two counts with increased sentences on four other counts. Evans appeals, arguing that the new sentence exceeded the district court's jurisdiction and violated his double jeopardy and due process rights. Reviewing these issues of law de novo, we affirm.

## I.  The Sentences Imposed by the District Court.

The jury convicted Evans of the following offenses:

Count 17 -- knowingly transporting an individual in interstate commerce with the intent that the individual engage in prostitution, 18 U.S.C. § 2421.  This count carried a statutory maximum sentence of 60 months when the offense was committed and 120 months at time of sentencing.

Count 18 -- knowingly persuading, inducing, or enticing an individual to travel in interstate commerce to engage in prostitution, 18 U.S.C. § 2422(a).  This count carried a statutory maximum sentence of 60 months when the offense was committed and 120 months at time of sentencing.

Count 1 -- conspiracy to violate the Mann Act, 18 U.S.C. § 371.  This count carried a statutory maximum sentence of 60 months.

Counts 19 and 21 -- money laundering in violation of 18 U.S.C. § 1956(a)(1)(A)(i).  These counts each carried a statutory maximum sentence of 240 months.

Count 20 -- money laundering in violation of 18 U.S.C. § 1956(a)(1)(B)(i).  This count carried a statutory maximum sentence of 240 months.

Count 44 -- conspiracy to launder money, 18 U.S.C. § 1956(h).  This count carried a statutory maximum sentence of 240 months.

At the initial sentencing, the district court determined that the combined guidelines sentencing range for these offenses is 235 to 293 months. The court granted the government's motion for an upward departure and sentenced Evans to 396 months in prison. The court imposed seven consecutive sentences -- the statutory maximum of 60 months on count 1, the erroneous statutory maximum of 120 months on counts 17 and 18, and only 24 consecutive months on each of counts 19-21 and 44, counts for which the statutory maximum was 240 months. On remand, the district court again determined that Evans's total punishment should be 396 months in prison. It reached that result by again imposing seven consecutive sentences -- 60 months on count 1, as before; 60 months on counts 17 and 18, correcting the Ex Post Facto Clause violation; and increased sentences of 54 months on each of the four money laundering counts.

## II. Consecutive and Concurrent Sentencing Under the Guidelines.

In 18 U.S.C. §§ 3553(a) and (b) and 3584, Congress granted district courts broad discretion to impose consecutive or concurrent sentences, subject to the provisions of the Sentencing Guidelines. The Guidelines provide that if the statutory maximum sentence is less than the minimum of the applicable guideline range, the statutory maximum "shall be the guideline sentence." U.S.S.G. § 5G1.1(a). Section 5G1.2 then addresses how a defendant should be sentenced for a multi-count conviction. Unless limited by the applicable statutory maximum, the sentence for each count "shall be the total punishment." § 5G1.2(b). If the highest applicable statutory maximum "is adequate to achieve the total punishment," the sentences on all counts "shall run concurrently," unless a statute, such as 18 U.S.C. § 924(a)(4), prescribes a consecutive sentence. § 5G1.2(c). But if the highest statutory maximum is less than the total punishment, as in this case, "then the sentence imposed on one or more of the other counts shall run consecutively, but only to the extent necessary to produce a combined sentence equal to the total punishment." § 5G1.2(d); see United States v. McLeod, 251 F.3d 78, 83 (2d Cir.), cert. denied, 122 S. Ct. 304

(2001) (explaining the "correct method of imposing sentences on multiple counts"). In <u>United States v. Diaz</u>, 296 F.3d 680, 684 (8th Cir.) (en banc), <u>cert. denied</u>, 123 S. Ct. 43 (2002), we recently confirmed that "§ 5G1.2(d) mandates consecutive sentences in those cases in which the total punishment exceeds the statutory maximum for any one count."

In this case, Evans's total punishment of 396 months was greater than the statutory maximum for any of the seven counts of conviction. Unfortunately, in constructing its original sentence, the district court did not follow Part 5G of the Guidelines. Had the district court applied Part 5G, it would have first imposed the statutory maximum sentence on each count, because each was less than the total punishment. Then, applying § 5G1.2(d), the court would have made 156 months of the second 240-month maximum sentence consecutive to the first 240-month maximum sentence, producing the 396-month total punishment. It would then have made the other five maximum sentences concurrent with the sentence imposed on the first two counts. Had the court constructed its sentence in this manner, we no doubt would have affirmed the 396-month sentence but modified the judgment to correct the error regarding the maximum sentences imposed on counts 17 and 18.[1]

On remand, the district court again failed to follow § 5G1.2(d), instead constructing Evans's new 396-month sentence with seven consecutive sentences.

---

[1]We agree with the First Circuit that the term "total punishment" in § 5G1.2(d) includes a lawful upward departure. <u>United States v. Hernandez Coplin</u>, 24 F.3d 312, 320 n.9 (1st Cir.), <u>cert. denied</u>, 513 U.S. 956 (1994). <u>But see</u> <u>United States v. Martinez</u>, 274 F.3d 897, 903-04 (5th Cir. 2001). That means that § 5G1.2(d) governs the manner in which Evans's total sentence should be imposed. But even if § 5G1.2(d) does not govern the use of consecutive and concurrent sentences when the total punishment includes an upward departure, the sentencing judge should still apply the § 5G1.2(d) methodology in determining how to construct the total sentence from the various counts of conviction. <u>See</u> 18 U.S.C. § 3553(b); <u>United States v. Terry</u>, 142 F.3d 702, 707 (4th Cir. 1998), <u>cert. denied</u>, 528 U.S. 853 (1999).

Because § 5G1.2(d) mandates the total sentence the district court imposed, the court's Guidelines error is harmless. The issue on appeal is whether, as Evans contends, this harmless Guidelines error somehow combines with our prior remand order to produce a reversible error.

### III. The Court's Jurisdiction To Resentence All Counts.

Evans argues that our remand order gave the district court no jurisdiction to reopen his sentence on the four money laundering counts. We disagree. Our prior order simply "remanded for resentencing." 272 F.3d at 1098. Under the Guidelines, "a multi-count sentence is a package and severing part of the total sentence usually will unbundle it." Gardiner v. United States, 114 F.3d 734, 736 (8th Cir. 1997) (quotation omitted). Here, § 5G1.2(d) required the district court to sentence the seven counts as a package, using consecutive and concurrent sentences so as to impose the proper total punishment. Thus, when we did not limit our remand to resentencing only counts 17 and 18, the district court retained jurisdiction to resentence all the counts as a package.

### IV. A Double Jeopardy Issue.

Evans next argues that increasing his sentences on each of the four money laundering counts violates the Double Jeopardy Clause prohibition on multiple punishments because he had begun to serve those sentences. Again, we disagree. For many years, most federal courts read United States v. Benz, 282 U.S. 304, 306-07 (1931), and Ex parte Lange, 18 Wall. 163, 168, 173 (1874), as establishing "that once a prisoner commences service of sentence, the [Double Jeopardy] Clause prevents a court from vacating the sentence and then imposing a greater one." North Carolina v. Pearce, 395 U.S. 711, 747 (1969) (Harlan, J., dissenting in part). However, in United States v. DiFrancesco, 449 U.S. 117, 136 (1980), the Court held that the Double Jeopardy Clause does not prohibit imposing a greater sentence after a

successful appeal by the government. The Court explained that the defendant "has no expectation of finality in his sentence until the appeal is concluded or the time to appeal has expired." The Court again cited a defendant's lack of "expectation of finality in his original sentencing" as the critical Double Jeopardy Clause inquiry in Pennsylvania v. Goldhammer, 474 U.S. 28, 30 (1985).

Following DiFrancesco and Goldhammer, many circuits have concluded that a defendant who successfully appeals one part of a multi-count sentencing package has no expectation of finality as to any part of the sentence. Therefore, the Double Jeopardy Clause does not bar resentencing on all counts to carry out the sentencing judge's original intent. See United States v. Gelb, 944 F.2d 52, 59 (2d Cir. 1991); United States v. Welch, 928 F.2d 915, 916-17 (10th Cir.), cert. denied, 502 U.S. 850 (1991); United States v. Earley, 816 F.2d 1428, 1433 n.6 & cases cited (10th Cir. 1987) (en banc); United States v. Busic, 639 F.2d 940, 947-48 (3d Cir.) ("where the sentences were interdependent . . . [t]here is nothing in the history or the policies of the Double Jeopardy Clause that justifies the denial of resentencing when the sentence has been spread erroneously over counts that have been declared invalid"), cert. denied, 452 U.S. 918 (1981). That rule is particularly appropriate in a case governed by Part 5G of the Sentencing Guidelines, which requires that the multiple counts be sentenced as an integrated package to achieve the proper total punishment. As we said in United States v. Harrison, 113 F.3d 135, 138 (8th Cir. 1997), "[b]ecause the defendant has no legitimate expectation of finality in any discrete part of an interdependent sentence after a partially successful appeal or collateral attack, there is no double jeopardy bar to enhancing an unchallenged part of an interdependent sentence to fulfill the court's original intent." Thus, Evans's 396-month sentence on remand does not violate the Double Jeopardy Clause prohibition against multiple punishments for the same offense.

## V. The <u>North Carolina v. Pearce</u> Issue.

In <u>Pearce</u>, the Supreme Court confirmed that the Constitution does not prohibit imposing a more severe sentence when a defendant who successfully appealed his first conviction is convicted again after a new trial. 395 U.S. at 723. However, the Due Process Clause bars the sentencing judge from vindictively imposing a sentence because the defendant successfully appealed. To guard against the danger of vindictiveness, the Court held that "whenever a judge imposes a more severe sentence upon a defendant after a new trial, the reasons for his doing so must affirmatively appear [and] be based upon objective information concerning identifiable conduct on the part of the defendant occurring after the time of the original sentencing proceeding." 395 U.S. at 726. This principle applies to resentencing after a sentence is vacated on appeal, as well as to resentencing after a second conviction. <u>See</u> <u>DiFrancesco</u>, 449 U.S. at 135-36 & n.14; <u>United States v. Mancari</u>, 914 F.2d 1014, 1018 (7th Cir. 1990), <u>cert. denied</u>, 499 U.S. 924 (1991). Evans argues his second 396-month sentence violates this due process principle.

This record contains no hint of actual vindictiveness, so Evans must establish that the <u>Pearce</u> presumption of vindictiveness applies. But the presumption only applies if the second sentence is "more severe." In the case of a one-count conviction, the presumption does not apply when the same sentence is imposed following defendant's successful appeal. <u>United States v. Arrington</u>, 255 F.3d 637, 639 (8th Cir. 2001). Though Evans received the same total sentence on remand, 396 months, he argues the district court violated <u>Pearce</u> by increasing his sentence on four of the seven counts in constructing his 396-month sentence on remand.

A number of federal cases have considered how to determine whether a second sentence is more severe in the context of a multi-count conviction. Most circuits have concluded that the <u>Pearce</u> presumption does not apply so long as the total sentence imposed upon remand is no greater than the total original sentence. <u>See United States</u>

v. Campbell, 106 F.3d 64, 67-69 (5th Cir. 1997) (collecting cases and adopting the majority approach). A minority of pre-Guidelines cases instead compared the total sentence after remand with the total sentence imposed *on those same counts* before the appeal. See United States v. Monaco, 702 F.2d 860, 884-85 and cases cited (11th Cir. 1983). Under this approach, the Pearce presumption applies if the defendant receives the same total sentence but was convicted of fewer counts after remand. Evans urges us to apply the minority rule and reverse his 396-month total sentence because the district court increased his sentence on the four money laundering counts on remand. We reject this contention for two reasons.

First, we conclude that no presumption of vindictiveness arises when the district court resentences a defendant on a multi-count conviction in accordance with Part 5G of the Sentencing Guidelines. To determine the proper total punishment, the Guidelines authorize the district court to consider relevant conduct beyond the four corners of the offense of conviction, including uncharged and even acquitted conduct. Once the total punishment is determined, Part 5G directs the court to sentence multiple counts of conviction as an interdependent package, and to use consecutive as well as concurrent sentencing to construct a combined sentence equal to the total punishment. Under this sentencing regime, an aggregate sentence on remand that equals the initial aggregate sentence simply carries out the district court's original sentencing intent, regardless of whether § 5G1.2(d) has caused the aggregate sentence to be constructed somewhat differently. There is no reason to presume that vindictiveness played any role in this process.

Second, we note that at resentencing Evans received the same total sentence *for the same counts of conviction*, unlike defendants in cases applying the minority rule to multi-count convictions. Thus, even Monaco, on which Evans primarily relies, does not support his contention. Monaco expressly rejected a "count-by-count" comparison, concluding that the Pearce presumption would not apply if "the judge, for whatever reason, increased the sentence on Count 1 by the same amount

-8-

that he decreased the sentence on Count 2." 702 F.2d at 884-85 n.47. That is precisely what happened on remand in this case. (The pre-Guidelines sentence was vacated in <u>Monaco</u> only because one count was dismissed for lack of evidence at the second trial, a fact that would be less significant under the Guidelines' principle of relevant conduct sentencing.)

For these reasons, the district court had jurisdiction to resentence Evans on all counts of conviction, the 396-month sentence did not violate either the Double Jeopardy Clause or the <u>Pearce</u> presumption of vindictiveness, and Evans's unsupported equal protection argument is without merit.

The 396-month sentence imposed by the district court is affirmed. The case is remanded to the district court with directions to enter an amended Judgment in a Criminal Case in which the Imprisonment section on page 3 is modified so as to impose sentences on each count of conviction and consecutive sentencing that comply with Part 5G of the Sentencing Guidelines.

RICHARD S. ARNOLD, Circuit Judge, dissenting.

I respectfully dissent. Because the District Court has increased Monroe Evans's sentence on four counts by 30 months each, I would hold that the Court violated his due process rights as defined in <u>North Carolina v. Pearce</u>, 395 U.S. 711 (1969).

<u>Pearce</u> established that a trial judge may not act vindictively in resentencing a criminal defendant who successfully appeals an element of his conviction. <u>Id</u>. at 726. To that end, a defendant's sentence generally may not be made more severe on remand after a successful appeal, so "whenever a judge imposes a more severe sentence upon a defendant after a new trial, the reasons for his doing so must affirmatively appear [and] be based upon objective information concerning

identifiable conduct on the part of the defendant occurring after the time of the original sentencing proceeding." Id. Thus, Pearce sets up a presumption against increasing a defendant's sentence on remand after a successful appeal.

The dispositive question in this case is whether the District Court imposed a more severe sentence on Mr. Evans upon his resentencing on remand. I disagree with my colleagues' conclusion that the Court did not enhance his sentence. Mr. Evans was convicted of seven counts — two counts of violating the Mann Act, one count of conspiring to violate the Mann Act, and four separate counts of money laundering. The counts of interest are the four money-laundering counts. At the initial sentencing, Mr. Evans received 24 months on each count of money laundering. Following his successful appeal, the District Court sentenced him to 54 months on each of these counts. I would hold that the Court's increasing of each of these sentences represented a more severe sentence for Pearce purposes.

The government contends that Mr. Evans's sentence is not more severe because his total term of incarceration remained the same — 396 months. This fact does not insulate the judge's order, however. The government's rationale would wholly undermine Pearce. If the District Court is free to adjust the sentences for each count against the defendant, so long as the overall sentence remains constant, then defendants gain nothing from a successful appeal against sentences on individual counts. Thus, the government's rationale creates a right to appeal that carries no consequent remedy for the defendant.

Because I consider the District Court's decision to enhance the sentences on each of Mr. Evans's convictions for money laundering as imposing a more severe

sentence, I would find that his sentence deprives him of liberty without due process of law.  Therefore, I respectfully dissent.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.