# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 02-2712

_____

United States of America,

    Plaintiff - Appellee,

v.

Richard Don Smotherman,

    Defendant - Appellant.

      *
      *
      *
      *  Appeal from the United States
      *  District Court for the
      *  Western District of Missouri.
      *
      *  **[TO BE PUBLISHED]**
      *

_____

Submitted:  January 16, 2003

Filed:  April 18, 2003

_____

Before LOKEN* and MORRIS SHEPPARD ARNOLD, Circuit Judges, and WEBBER,** District Judge.

_____

PER CURIAM.

Richard Don Smotherman pleaded guilty to the charge of conspiring to manufacture and distribute methamphetamine in violation of 21 U.S.C. § 846. The

_____

*The Honorable James B. Loken became Chief Judge of the United States Court of Appeals for the Eighth Circuit on April 1, 2003.

**The Honorable E. Richard Webber, United States District Judge for the Eastern District of Missouri, sitting by designation.

district court[1] sentenced him to 262 months in prison, the bottom of the guidelines sentencing range determined by the court. Smotherman appealed, and we remanded for resentencing because of an error in calculating the applicable drug quantity. United States v. Smotherman, 285 F.3d 1115, 1116 (8th Cir. 2002). On remand, the district court determined a corrected guidelines range of 210 to 262 months and sentenced Smotherman to 250 months in prison. He again appeals, arguing that, in sentencing him near the top of his corrected guidelines range, the court imposed a presumptively vindictive sentence, thereby violating Smotherman's due process rights as defined in North Carolina v. Pearce, 395 U.S. 711 (1969), overruled in part by Alabama v. Smith, 490 U.S. 794 (1989). We affirm.

In Pearce, the Supreme Court held that the Due Process Clause bars a sentencing judge from vindictively punishing the defendant for a successful appeal. To guard against the danger of vindictiveness, the Court adopted the rule that, "whenever a judge imposes a more severe sentence upon a defendant after a new trial, the reasons for his doing so must affirmatively appear [and] be based upon objective information concerning identifiable conduct on the part of the defendant occurring after the time of the original sentencing proceeding." 395 U.S. at 726. Though Pearce involved a resentencing after a second conviction, this principle also applies to a resentencing after a sentence was vacated on appeal. United States v. Evans, 315 F.3d 329, 334 (8th Cir. 2002).

A resentencing does not trigger the rule in Pearce unless the second sentence is "more severe." Thus, when there is a single count of conviction, as in this case, the Pearce presumption of vindictiveness does not arise if the court imposes the same sentence on remand. See United States v. Arrington, 255 F.3d 637, 639 (8th Cir. 2001). Here, Smotherman's 250-month sentence on remand is twelve months *less*

---

[1]The HONORABLE DEAN WHIPPLE, Chief Judge of the United States District Court for the Western District of Missouri.

than his original 262-month sentence. He nonetheless argues that the Pearce presumption should apply because the district court initially sentenced him at the bottom of the applicable guidelines range but then resentenced him near the top of the corrected range. Arrington squarely rejected this contention:

> Since a more severe sentence was not imposed, Arrington cannot make out a claim of vindictiveness. Just because Arrington was sentenced at the bottom of the original range does not mean that he had a right to be sentenced at any particular point in the recalculated guideline range. He was sentenced within the guideline range, and no presumption of vindictiveness arose because he was not sentenced at his preferred point in the applicable range.

255 F.3d at 639 (citation omitted).

Absent any constitutional infirmity, we have no jurisdiction to review the district court's exercise of discretion in setting a defendant's sentence within a properly determined guidelines range. See 18 U.S.C. § 3742(a); United States v. Woodrum, 959 F.2d 100, 101 (8th Cir. 1992). The district court's sentence on remand was not presumptively vindictive under Pearce. Accordingly, the court's judgment must be affirmed.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.

-3-