# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 03-4073

_____

United States of America,           *
                                       *

           Appellee,           * Appeal from the United States
                                       * District Court for the
      v.                       * Northern District of Iowa
                                       *

Kendall William Jacobs,         * [UNPUBLISHED]
                                       *

           Appellant.           *

_____

Submitted: May 19, 2004

Filed: May 21, 2004

_____

Before MELLOY, HANSEN, and COLLOTON, Circuit Judges.

_____

PER CURIAM.

Kendall W. Jacobs pleaded guilty to willfully failing to pay child support, in violation of 18 U.S.C. § 228(a)(3). The district court[1] declined to impose a split sentence under U.S.S.G. § 5C1.1(d)(2), sentenced Jacobs to 11 months imprisonment and 1 year supervised release, and ordered restitution of $67,979.39. On appeal, Jacobs's counsel has moved to withdraw, and has filed a brief under Anders v.

---

[1]The Honorable Linda R. Reade, United States District Judge for the Northern District of Iowa.

<u>California</u>, 386 U.S. 738 (1967), suggesting that the district court abused its discretion in not granting Jacobs a split sentence.

We find that the district court understood its authority to impose a split sentence, and thus its discretionary decision not to do so is unreviewable.  <u>See</u> 18 U.S.C. § 3742(a); <u>United States v. Smotherman</u>, 326 F.3d 988, 989 (8th Cir.) (per curiam) (appellate court lacks jurisdiction to review district court's exercise of discretion in setting sentence within properly determined Guidelines range), <u>cert. denied</u>, 124 S. Ct. 293 (2003); <u>United States v. Garcia-Ortiz</u>, 310 F.3d 792, 793-94 (5th Cir. 2002) (district court's discretionary refusal to impose split sentence under § 5C1.1(d) does not fall within criteria listed in § 3742(a)).  We also have carefully reviewed the record in accordance with <u>Penson v. Ohio</u>, 488 U.S. 75 (1988), and have found no nonfrivolous issues.

Accordingly, we grant counsel's motion to withdraw, and we affirm.

_____