# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 05-4172

_____

United States of America,          *
                                        *

        Plaintiff - Appellee,    *   Appeal from the United States
                                          *   District Court for the
    v.                          *   Eastern District of Missouri.
                                          *

Preston McMorris,             *   [UNPUBLISHED]
                                          *

        Defendant - Appellant.   *

_____

Submitted: May 16, 2006
Filed: May 24, 2006

_____

Before BYE, HANSEN, and SMITH, Circuit Judges.

_____

PER CURIAM.

Preston McMorris appeals his sentence of 115 months, less fourteen months of time served, for his conviction as a felon in possession of a firearm in violation of 18 U.S.C. § 922(g). We remand for resentencing with instructions.

McMorris was sentenced in November 2005, for conduct occurring in December 2003. At oral argument, the parties agreed the district court erred in applying the 2004 version of United States Sentencing Guideline (U.S.S.G.) § 2A2.1, pertaining to Attempted Murder.

Under 18 U.S.C. § 3553(a)(4)(A)(ii), a district court is required to sentence using the Guidelines in effect at the time of sentencing. As the commentary to Guideline § 1B1.11 recognizes, "Congress did not believe that the ex post facto clause would apply to amended sentencing guidelines." Accordingly, U.S.S.G. § 1B1.11 directs a sentencing court to apply the Guidelines in effect at the time of sentencing unless the court finds a violation of the Ex Post Facto Clause in Article I § 9 of the Constitution in so doing. If such a violation is found, the sentencing court is to apply the Guidelines in effect at the time of the conduct underlying the conviction.

We have held an ex post facto violation occurs "if the defendant is sentenced under the Guidelines in effect at the time of sentencing when those Guidelines produce a sentence harsher than one permitted under the Guidelines in effect at the time the crime is committed." United States v. Bell, 991 F.2d 1445, 1452 (8th Cir. 1993); see also United States v. Carter, 410 F.3d 1017, 1027 (8th Cir. 2005) (post-Booker case). In the instant case, the Attempted Murder Guideline in effect at the time the offense was committed provided a base offense level of 28 if the successful offense would have constituted first degree murder, and 22 otherwise. Amendment 663, which became effective November 1, 2004, modified the Attempted Murder Guideline to increase these base offense levels to 33 and 27, respectively. The district court applied the Guideline provision as modified by Amendment 663. Because applying the Guidelines in effect at the time of sentencing could produce a sentence harsher than a sentence under the Guidelines in effect at the time the offense was committed, an ex post facto violation occurred. Under Bell and its progeny, the district court was required to apply the Guidelines in effect at the time the offense was committed.

The parties agree the district court's improper utilization of the 2004 version of the Guidelines resulted in an incorrect calculation of the appropriate advisory Guideline range which warrants a remand for resentencing. Because the district court sentenced McMorris beyond the upper limit of the advisory range under the 2003

version of the Guidelines, we agree the error is not harmless and remand is appropriate.  See United States v. Mashek, 406 F.3d 1012, 1017 (8th Cir. 2005).

The parties jointly request the district court, at resentencing, to make a finding regarding McMorris's mental state to make clear the district court's basis for applying the particular Guideline provision and cross-reference.  We agree a finding as to McMorris's mental state would assist a reviewing court in determining whether the correct Guideline provision was applied.

We therefore remand for resentencing and request the district court to make a finding as to McMorris's mental state in its resentencing proceedings.

_____