# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 06-3346

———————

United States of America,　　　　*
　　　　　　　　　　　　　　　　　*
　　　　　　　Appellee,　　　　　　*
　　　　　　　　　　　　　　　　　*　Appeal from the United States
　　　v.　　　　　　　　　　　　　*　District Court for the
　　　　　　　　　　　　　　　　　*　Eastern District of Missouri.
Preston McMorris,　　　　　　　　*　[UNPUBLISHED]
　　　　　　　　　　　　　　　　　*
　　　　　　　Appellant.　　　　　　*

———————

Submitted: April 13, 2007
Filed: May 23, 2007

———————

Before LOKEN, Chief Judge, BYE and RILEY, Circuit Judges.

———————

PER CURIAM.

Preston McMorris appeals the eighty-six month sentence he received on resentencing for being a felon in possession of a firearm. The resentencing followed a remand by this court to correct an ex post facto violation in McMorris's first sentence. See United States v. McMorris, 180 F. App'x 631, 632 (8th Cir. 2006). McMorris now argues the district court[1] erred by applying a cross-reference to United States Sentencing Guideline (U.S.S.G.) § 2A2.1(a)(2) (2003) (assault with intent to commit murder) pursuant to U.S.S.G. § 2K2.1(c)(1), erred by failing to depart

———————

[1]The Honorable Jean C. Hamilton, United States District Judge for the Eastern District of Missouri.

downward fourteen months to reflect credit for time served in state custody on subsequently dismissed state charges arising out of the same incident that formed the basis for this federal charge, and engaged in vindictive resentencing by applying a three-level upward adjustment under U.S.S.G. § 3A1.2(b)(1) that was not used to calculate his first sentence. We affirm.

The parties agree the cross-reference to U.S.S.G. § 2A2.1(a)(2)[2] turns on whether McMorris acted with "malice aforethought" when he "used or possessed any firearm or ammunition in connection with the commission or attempted commission of another offense." U.S.S.G. § 2K2.1(c)(1). Malice aforethought is established by showing

> the defendant's intent at the time of a killing willfully to take the life of a human being or an intent willfully to act in callous and wanton disregard of the consequence of human life. Malice may be established by evidence of conduct which is reckless and wanton, and a gross deviation from a reasonable standard of care, of such a nature that a jury is warranted in inferring that defendant was aware of a serious risk of death or serious bodily harm.

United States v. Johnson, 879 F.2d 331, 334 (8th Cir. 1989) (quotations and citation omitted).

The facts indicate McMorris and another person fled from undercover police officers in a high speed chase over the course of about twenty city blocks in St. Louis, Missouri. During the chase, the undercover officers (in four vehicles) activated their lights and sirens. McMorris's car stopped and McMorris ran into the yard of a

---

[2]Under the 2003 version of the guidelines applicable in this case, U.S.S.G. § 2A2.1 sets forth a base offense level of 28 "if the object of the offense would have constituted first degree murder," and a base offense level of 22 "otherwise." The district court applied a base offense level of 22 under the "otherwise" provision.

residence with the police pursuing on foot. McMorris grabbed a gun located in the yard and fired at least three shots at the officers from a distance of fifty or sixty feet. McMorris stipulated he fired the gun at the officers pursuing him. Reviewing the district court's factual findings for clear error, see United States v. Mack, 452 F.3d 744, 745-46 (8th Cir. 2006) (standard of review); United States v. Lincoln, 589 F.2d 379, 381 (8th Cir. 1979) ("[T]he question of defendant's intent [is] an issue of fact"), we cannot say the district court clearly erred in finding McMorris acted with malice aforethought and therefore did not err in cross-referencing U.S.S.G. § 2A2.1(a)(2) when calculating McMorris's base offense level. Cf. United States v. Wilson, 992 F.2d 156, 158 (8th Cir. 1993) (affirming the more punitive cross reference for assault with intent to commit first degree murder under U.S.S.G. § 2A2.1(a)(1) where the defendant fired a shotgun out of a vehicle toward a group of people and hit a bystander).

Second, the district court did not err in failing to depart downward fourteen months to reflect credit for the time McMorris served in state custody, because the issue of credit for time "spent in state custody pending trial on subsequently dismissed state charges arising out of the same incident for which [defendants] were convicted in federal court" is an issue "to be determined by the United States Attorney General after the criminal defendant has begun to serve his sentence rather than by a federal district court at the time of sentencing." United States v. Moore, 978 F.2d 1029, 1030-31 (8th Cir. 1992) (addressing the application of 18 U.S.C. § 3585(b) with respect to determinations of credit for time served). The Attorney General has delegated authority to grant credit for time served to the Bureau of Prisons. Id. at 1031 (citing 28 C.F.R. § 0.96 (1990)). As a consequence, the "district court correctly left this credit calculation for time served issue to the Bureau of Prisons." United States v. Pardue, 363 F.3d 695, 699 (8th Cir. 2004).[3]

---

[3]"Administrative procedures exist within the Bureau of Prisons to review the Bureau's failure to credit the time [McMorris] has served, should such occur." Pardue, 363 F.3d at 699. Thus, if the Bureau of Prisons fails to credit the time after a prisoner

Finally, the district court did not engage in vindictive resentencing by applying a three-level upward adjustment under U.S.S.G. § 3A1.2(b)(1) that was not used to calculate McMorris's first sentence, because McMorris's second sentence was shorter than his first (even though arrived at in a different manner). "A second sentence that is harsher than the first is the 'sine qua non' of a <u>Pearce</u>[4] vindictiveness claim." <u>United States v. Vontsteen</u>, 950 F.2d 1086, 1092 (5th Cir. 1992) (quoting <u>Hardwick v. Doolittle</u>, 558 F.2d 292, 299 (5th Cir. 1977)). "Since a more severe sentence was not imposed, [the defendant] cannot make out a claim of vindictiveness." <u>United States v. Arrington</u>, 255 F.3d 637, 639 (8th Cir. 2001) (citing <u>Vontsteen</u>, 950 F.2d at 1092; <u>see also</u> <u>United States v. Evans</u>, 314 F.3d 329, 334 (8th Cir. 2002) (indicating a presumption of vindictiveness does not apply "so long as the total sentence imposed upon remand is no greater than the total original sentence"); <u>United States v. Edwards</u>, 225 F.3d 991, 993 (8th Cir. 2000) (rejecting a vindictive sentencing claim for the use of a guidelines enhancement not used to calculate the original sentence even though the second sentence was *longer* than the first because the enhancement would have applied "but for" the erroneous calculation of the first sentence); <u>United States v. Bailey</u>, 206 F. App'x 650, 653 (8th Cir. 2006) (rejecting a vindictive sentencing claim based on the application of a guidelines enhancement to calculate a second sentence when the enhancement was not used to calculate the first sentence and the second sentence was no longer than the first).

For the reasons stated, we affirm the district court in all respects.

_____

---

exhausts his administrative remedies, the failure is subject to challenge in federal court by filing a habeas petition under 28 U.S.C. § 2241. <u>Id.</u> (citing <u>Rogers v. United States</u>, 180 F.3d 349, 358 (1st Cir. 1999)).

[4]<u>North Carolina v. Pearce</u>, 395 U.S. 711 (1969).