# United States Court of Appeals
## For the Eighth Circuit

_____

No. 12-2987

_____

United States of America

*Plaintiff - Appellee*

v.

Brandon L. Jones

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Western District of Arkansas - Hot Springs

_____

Submitted: February 11, 2013
Filed: March 15, 2013
[Unpublished]

_____

Before LOKEN, BOWMAN, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

Brandon Jones appeals from the judgment of the District Court[1] sentencing him to 188 months in prison after he pleaded guilty to a crack cocaine charge. We affirm.

For his sole issue on appeal, Jones argues that the District Court erred in overruling his objection to paragraph 24 of his Presentence Investigation Report (PSR). According to paragraph 24, Jones's criminal history included a December 2005 conviction for battery in the first degree, for which he served four days in jail and was fined $250. In objecting to this paragraph, Jones claimed that he did not remember this arrest, but the court overruled the objection after a brief conversation with the probation officer who authored the PSR. The battery conviction, one of fourteen convictions listed in the PSR, accounted for one of the nineteen criminal history points assigned to Jones. According to the PSR, under the U.S. Sentencing Guidelines, Jones's status as a career offender (chapter 4 enhancements) brought his offense level to 34, less three points for acceptance of responsibility, for a total offense level of 31. With his criminal history category of VI, his advisory Guidelines sentencing range was 188 to 235 months' imprisonment. The District Court sentenced him at the bottom of the range to 188 months in prison.

On appeal, Jones argues that the court's conversation with the probation officer during the sentencing hearing was insufficient to resolve the factual dispute. Rule 32(i)(3)(B) of the Federal Rules of Criminal Procedure instructs, "At sentencing, the court . . . must—for any disputed portion of the presentence report or other controverted matter—rule on the dispute or determine that a ruling is unnecessary either because the matter will not affect sentencing, or because the court will not consider the matter in sentencing . . . ." We review de novo a district court's compliance with this Rule. United States v. Theimer, 557 F.3d 576, 577 (8th Cir. 2009).

---

[1]The Honorable Robert T. Dawson, United States District Judge for the Western District of Arkansas.

When it ruled on Jones's objection, the District Court said:

Well, I'm going to overrule that objection and I'll give you a continuing objection and exception to it. I'm not sure in the great scheme of anything, Mr. Morrissey [counsel for Jones], that it matters, because even if you were correct and he didn't recall it and, therefore, it didn't happen, I think the criminal history points would go from a 31 to a 30, and it still equates to a criminal history category of six. So and that's in addition – he's also a career offender which also takes it to six . . . .

Sent. Tr. at 6.

As Jones notes, we have held that a sentencing court erred when it overruled objections to previous convictions listed in a PSR based only on a conversation at sentencing with the probation officer, who was not under oath and who defense counsel had no opportunity to cross examine. See United States v. Stapleton, 268 F.3d 597, 598 (8th Cir. 2001). In this case, it does seem that the court purported to resolve the factual dispute against Jones when it overruled his objection, as evidenced by the fact that the court granted Jones a continuing objection and appeared to include the criminal history point assigned to the battery conviction in its Guidelines calculations. See, e.g., Sent. Tr. at 6, 9. But we conclude that the District Court also determined that the conviction set out in paragraph 24 would not affect Jones's sentencing, an alternative ruling that complied with Rule 32(i)(3)(B). In his reply brief, Jones seizes upon the District Court's use of an idiomatic turn of phrase to argue that the court did not comply with Rule 32(i)(3)(B): "The district court did not say, 'It does not matter,' instead, the district court said, 'I'm not sure.'" Appellant's Reply Br. at 5. Read in context, however, it is apparent that the court was confident in its determination that paragraph 24's criminal history point would not affect Jones's sentencing. So if the court erred in resolving the factual dispute as it did, without taking sworn testimony or requiring record evidence of the battery conviction, we nevertheless hold that the court properly applied the Rule in the

-3-

alternative when it determined that Jones's sentencing would be unaffected by the conviction set out in paragraph 24.[2]

We further conclude that the court's assessment of the effect of the battery conviction on Jones's sentencing was legally correct. Under § 4B1.1(b)(B) of the Guidelines (career offender), Jones's criminal history category remains VI and his offense level, with credit for acceptance of responsibility, remains 31, even without the battery conviction. Jones concedes as much, but argues in his reply brief that "it is unclear from the record how much weight was given to the prior conviction." Appellant's Reply Br. at 7. Jones had argued at sentencing that his criminal history was overstated and had requested a departure below the advisory Guidelines range, which the court denied. He now contends that we should "assume" that the court "may have" relied on the conviction set out in paragraph 24 in declining to depart and that the "reasonable assumption" is that the court's analysis of the 18 U.S.C. § 3553(a) sentencing factors "would have been altered." Appellant's Reply Br. at 5, 6. But Jones can point to no record evidence showing that the court relied on paragraph 24 to Jones's detriment, much less that the battery conviction tipped the scales for the court at sentencing. Jones had thirteen other convictions, beginning in 2000, five of which accounted for three criminal history points *each*. But most telling are the court's own words, when overruling Jones's objection, that the battery conviction would not matter "in the great scheme of anything." Sent. Tr. at 6.

The sentence is affirmed.

_____

_____

[2]Jones does not argue that the District Court failed to comply with Rule 32(i)(3)(C), which requires that the court "append a copy of the court's determinations under this rule to any copy of the presentence report made available to the Bureau of Prisons."