# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 04-3826

_____

United States of America,

           Appellee,

v.

Jeffrey Sorrells,

           Appellant.

\*
\*
\*
\*
\*　　Appeal from the United States
\*　　District Court, Western District of
\*　　Missouri.
\*
\*
\*
\*

_____

Submitted: October 10, 2005
Filed: December 23, 2005

_____

Before LOKEN, Chief Judge, GRUENDER and BENTON, Circuit Judges.

_____

GRUENDER, Circuit Judge.

Jeffrey Sorrells ("Sorrells") pled guilty to one count of unlawfully receiving a firearm in violation of 18 U.S.C. §§ 922(n) and 924(a)(1)(D) and one count of knowingly and intentionally distributing cocaine base in violation of 21 U.S.C. § 841(a). The district court sentenced Sorrells to 46 months' imprisonment and three years' supervised release. Sorrells appeals his sentence on the grounds that the court increased his base offense level for irrelevant uncharged conduct, _see_ United States Sentencing Guidelines § 1B1.3(a), and that this conduct was not proven by the

Government. For the reasons discussed below, we vacate Sorrells's sentence and remand to the district court for resentencing.

## I.     BACKGROUND

After Sorrells pled guilty, a United States Probation Officer prepared a presentence investigation report ("PSR"). The PSR recommended an increase in Sorrells's base offense level for two uncharged drug possessions: on January 1, 2003, medical personnel found cocaine on his person while he received medical treatment; and on June 24, 2003, police officers found an envelope of cocaine salt at Sorrells's residence while executing a search warrant (collectively, "the uncharged conduct").

Sorrells submitted two timely objections to the PSR. First, his attorney objected to paragraphs 15 through 19 (paragraph 15 summarizes the January 1 event and paragraph 19 summarizes the June 24 event):

> I object to the statement of facts contained in these paragraphs for the reason that this information was not admitted in Mr. Sorrells' Plea Agreement, has not been proven to a jury beyond a reasonable doubt consistent with . . . *Blakely v. Washington* . . . and said information is being used for purposes in calculating relevant conduct increasing Sorrells' base offense level. Mr. Sorrells expressly admits the facts as set forth in . . . the written Plea Agreement. However, Mr. Sorrells objects to the information in Paragraphs 15-19 and their use as relevant conduct in the [PSR].

Second, his attorney objected to the inclusion of the narcotics from these events to calculate his base offense level in paragraph 26:

> I object to the information contained in paragraph 26, except that Mr. Sorrells admits all facts previously admitted at the Plea Hearing and expressly contained in . . . the Plea Agreement. . . . The alleged discovery of cocaine base on January 1, 2003, is not closely related in time to the

controlled substance offenses for which Mr. Sorrells is charged . . . . Further, the alleged drug offenses, as described in the [PSR], do not appear as part of the "same course of conduct or common scheme or plan as the offense of conviction." The Report describes Mr. Sorrells was allegedly found with illegal substances, but there is no information these substances were for sale, had been sold by Mr. Sorrells, or that Mr. Sorrells had any intention of selling these items.

At his sentencing hearing, Sorrells reiterated these objections and argued that mere allegations of the uncharged conduct could not be used to increase his offense level if the Government did not meet its burden of proof. He confirmed the district court's characterization that his "objection [was] to the statement of facts contained in paragraphs [15-19]," and explained he had "not admitted to any particular unrelated criminal activity. . . . I still think that the U.S. Government should have the obligation to at least prove those matters up before this Court." In contrast, the Government construed Sorrells's written and oral objections as purely legal objections pursuant to *Blakely v. Washington*, 542 U.S. 296 (2004). The Government argued at the hearing that "[t]here was never an objection as to whether or not the defendant did these activities, simply the objection was to the inclusion of these activities in calculating the sentencing guidelines."

The district court characterized Sorrells's objections as "*Blakely* challenges" and overruled them without a hearing or additional evidence. The court held that Sorrells waived such objections under his plea agreement in which Sorrells agreed that "all other uncharged related criminal activity is to be considered relevant conduct for purposes of calculating the [base] offense level" and that the sentencing court would determine all sentencing-guidelines factors. Based solely on the PSR, the district court proceeded to find that the uncharged conduct was relevant to the crimes to which Sorrells pled guilty and increased his offense level four levels to level twenty, resulting in a guidelines range of 37 to 46 months' imprisonment. The district court then sentenced Sorrells to 46 months' imprisonment.

## II.    DISCUSSION

Sorrells argues that the district court erred in finding facts related to the uncharged conduct without requiring the Government to produce evidence in support of the allegations in the PSR.  A sentencing court may accept the facts in a PSR as true unless the defendant objects to specific factual allegations.  *See, e.g.*, *United States v. Stapleton*, 268 F.3d 597, 598 (8th Cir.  2001).  The Government argues that Sorrells did not object to the specific facts in his PSR because he made a strictly legal *Blakely* objection and did not explicitly deny any facts in the PSR.

Although we agree with the Government that Sorrells's factual objections were confusingly intermingled with objections based on *Blakely* and the relevance of the uncharged conduct, we hold the objections were minimally sufficient.  Sorrells objected in writing to the "statement of facts" in paragraphs 15 through 19 and the "information in paragraphs 15-19."  At the sentencing hearing, Sorrells reiterated these objections and explained that he had " not admitted to any particular unrelated criminal activity." Furthermore, Sorrells characterized the uncharged conduct as "alleged,"[1] asked the court to require the Government to "prove up" the conduct, and contrasted his objection to the uncharged conduct with his express admission of facts in the plea agreement.  Sorrells's objections were sufficiently specific to put the Government and the district court on notice that he was challenging the factual allegations in the PSR concerning the uncharged conduct.  *Cf. United States v. Moser*, 168 F.3d 1130, 1132 (8th Cir. 1999) (holding that a vague complaint about a "lot of facts" lacked specificity).

Given the Government's failure to present substantiating evidence, the district court erred in using the PSR's allegations of the uncharged conduct to increase

---

[1]In his objection to paragraph 26, Sorrells refers to the "alleged" discovery of cocaine base, the "alleged drug offenses," and that he was "allegedly" found with illegal substances.

Sorrells's base offense level. *See, e.g.*, *United States v. Poor Bear*, 359 F.3d 1038, 1041 (8th Cir. 2004) ("If the defendant objects to any of the factual allegations . . . on which the government has the burden of proof, such as the base offense level. . . the government must present evidence at the sentencing hearing to prove the existence of the disputed facts."); *United States v. Greene*, 41 F.3d 383, 386 (8th Cir. 1994) ("If the sentencing court chooses to make a finding with respect to the disputed facts, it must do so on the basis of evidence, and not the presentence report."). Such error requires us to vacate Sorrells's sentence. *See United States v. Arrington*, 215 F.3d 855, 857 (8th Cir. 2000) (vacating defendant's sentence and remanding for a factual determination by the district court and resentencing).[2] Because of the confusing context in which Sorrells raised his factual objections, the government may offer substantiating evidence on remand. *Cf. United States v. Hudson*, 129 F.3d 994, 995 (8th Cir. 1997) (precluding the government from introducing additional evidence on remand because defendant made an unambiguous objection to factual allegations in the PSR).

## III.   CONCLUSION

For the reasons set forth above, we vacate Sorrells's sentence and remand for resentencing in a manner consistent with this opinion.

_____

---

[2]Sorrells also argues that the district court erred in increasing his base offense level by determining that the uncharged conduct was part of the "same course of conduct" as the crimes for which he pled guilty. *See* U.S.S.G. § 1B1.3(a). We cannot reach this issue because the district court erred in finding facts that substantiate the uncharged conduct. Until the Government proves the uncharged conduct, our discussion of this issue would be an improper advisory opinion. *See United States v. McAllister*, 225 F.3d 982, 989 (8th Cir. 2000) (holding that a claim is not ripe for judicial review unless the moving party demonstrates a sufficiently concrete case or controversy within the meaning of Article III of the Constitution).