# United States Court of Appeals

## FOR THE EIGHTH CIRCUIT

_____

No. 06-3195

_____

United States of America,　　　　*
　　　　　　　　　　　　　　　　*
　　　Plaintiff - Appellee,　　　*
　　　　　　　　　　　　　　　　*　Appeal from the United States
v.　　　　　　　　　　　　　　*　District Court for the
　　　　　　　　　　　　　　　　*　Western District of Missouri.
Jeffrey Sorrells,　　　　　　*
　　　　　　　　　　　　　　　　*　**[UNPUBLISHED]**
　　　Defendant - Appellant.　　*

_____

Submitted: February 13, 2007
Filed: May 29, 2007

_____

Before LOKEN, Chief Judge, GRUENDER and BENTON, Circuit Judges.

_____

PER CURIAM.

Jeffrey Sorrells pleaded guilty to distributing cocaine base and possessing a firearm by a prohibited person in violation of 21 U.S.C. § 841(a) and 18 U.S.C. §§ 922(n), 924(a)(1)(D). At sentencing, prior to the Supreme Court's decision in United States v. Booker, 543 U.S. 220 (2005), the district court rejected an objection based on Blakely v. Washington, 542 U.S. 296 (2004), adopted the drug quantity findings in paragraph 26 of Sorrells's Presentence Investigation Report, and sentenced him to 46 months in prison. On appeal, we remanded for resentencing, concluding that Sorrells adequately objected to the facts underlying the relevant conduct recited in paragraph 26 and the government failed to prove those facts by a preponderance of the evidence at sentencing. United States v. Sorrells, 432 F.3d 836 (8th Cir. 2005).

On remand, the district court[1] held an evidentiary sentencing hearing, as our prior opinion expressly permitted. See 432 F.3d at 839. Four law enforcement officers testified for the government that Sorrells was charged with distribution of crack cocaine in Tennessee in February 2001, charges that are still pending, and that confidential informants alerted Springfield, Missouri, police in late 2002 that Sorrells was selling crack cocaine in that city. They further testified that Sorrells was in possession of 1.43 grams of crack cocaine when treated at a hospital emergency room in January 2003; sold substances that field-tested positive for cocaine to undercover officers in May and September 2003; dropped a paper containing 0.34 grams of crack cocaine in the yard when officers executed a warrant to search his residence in June 2003; sold a substance containing 0.84 grams of crack cocaine to an undercover officer in October 2003 (the drug offense of conviction); and possessed 22 grams of marijuana, a firearm, and $1094 in currency when stopped for a traffic offense in January 2004 (the firearm offense of conviction). Tests by the Missouri Highway Patrol Crime Laboratory confirmed that the substances seized from Sorrells in January and June 2003, and the substance he sold in October, were crack cocaine. Sorrells told two of the officers and the probation officer that he has used marijuana and powder cocaine but not crack cocaine. The defense called no witnesses.

The district court found that the probation officer properly computed the base offense level in paragraph 26 of the PSR by including as relevant conduct the quantities of crack cocaine found in January and June 2003 and sold by Sorrells in October 2003, plus the marijuana seized in January 2004. The court then sentenced Sorrells to 46 months in prison, within the resulting advisory guidelines range. On appeal, Sorrells argues the government failed to prove (i) that he possessed the quantities found in January and June 2003 with intent to distribute, rather than for personal use, and (ii) that these quantities were relevant conduct within the meaning

---

[1]The HONORABLE DEAN WHIPPLE, United States District Judge for the Western District of Missouri.

of U.S.S.G. § 1B1.3(a). We review the district court's findings regarding these issues for clear error. See, e.g., United States v. Brown, 311 F.3d 886, 889 (8th Cir. 2002). After careful review of the sentencing record, we conclude that the district court did not commit clear error in finding that Sorrells possessed the crack cocaine found in January and June 2003 with intent to distribute -- Sorrells having repeatedly denied using crack cocaine -- and that this conduct was "part of the same course of conduct or common scheme or plan as the [October 2003] offense of conviction." U.S.S.G. § 1B1.3(a)(2).

Accordingly, the judgment of the district court is affirmed.

_____