# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 07-1262

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Plaintiff - Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Eastern District of Missouri. |
| Sharon Otey, also known as Sharon | * | |
| Nephilim, | * | [UNPUBLISHED] |
| | * | |
| Defendant - Appellant. | * | |

_____

Submitted: November 16, 2007
Filed: January 11, 2008

_____

Before MELLOY, BRIGHT, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

Sharon Otey raises one issue on appeal: whether the district court erred in determining the loss amount attributable to her. We conclude that the Government failed to introduce evidence that would support the loss amount found by the district court. We therefore vacate Otey's sentence and remand for re-sentencing based on the existing record.

# I

On August 18, 2006, Otey pled guilty to charges of health care fraud (in violation of 18 U.S.C. §§ 1347 and 2) and misuse of a social security number (in violation of 42 U.S.C. § 408(A) and 18 U.S.C. § 2). As part of her plea agreement, she stipulated to a minimum loss amount of $46,592; the Government, however, reserved the right to establish a loss amount not to exceed $400,000. At the sentencing hearing, the district court, over Otey's objections, determined the loss amount was $313,196.75. Based on this loss amount, her substantive offenses and criminal history, the advisory Guidelines range was forty-one to fifty-one months. The district court sentenced Otey to forty-four months (three years and eight months) and $313,196.75 in restitution. Otey argues that the district court incorrectly calculated the proper Guidelines range because it was based, in part, on a loss amount that lacked a sufficient evidentiary basis.[1]

# II

We review loss calculations for "clear error and reverse only if 'we are left with a definite and firm conviction that the district court erred.'" United States v. Liveoak, 377 F.3d 859, 866 (8th Cir. 2004) (citation omitted). The district court must "make a reasonable estimate of the loss." U.S.S.G. § 2B1.1. When the defendant objects to the amount of loss, the Government must prove the amount of loss by a preponderance of the evidence. See United States v. Sample, 213 F.3d 1029, 1034 (8th Cir. 2000).

---

[1]Otey argues that based on the Government's evidence the correct Guidelines range was thirty-three to forty-one months. Although the Federal Sentencing Guidelines are now advisory, district courts must still properly calculate the correct Guidelines range before proceeding forward with sentencing. See Gall v. United States, 532 U.S. ___, No. 06-7949 (Dec. 10, 2007) (slip op. at 11). As we write solely for the parties, we dispense with a further recitation of the facts or procedural history.

Loss itemized in a pre-sentence report is not evidence. See United States v. Erhart, 415 F.3d 965, 971 (8th Cir. 2005).

## III

Otey concedes that the Government submitted evidence to establish a loss amount of $87,626. She maintains, however, that the Government failed to submit sufficient evidence establishing that the Missouri Medicaid Program ("Missouri Medicaid") incurred a loss of $225,570.75 for reimbursing claims made by Complete Care of American and International ("Complete Care") while Otey was employed there as a registered nurse. After reviewing the record, we agree. Although there is some evidence regarding Missouri Medicaid's losses at Complete Care, the amount it establishes – $2,775– pales in comparison to the $225,570.75 found by the district court and claimed by the Government.

This evidentiary deficiency aside, the Government insists that Otey did not object to the accuracy of the loss amount, but only whether it was "attributable to her", i.e., whether she was legally responsible for whatever amount the Government alleged. The record does not support the Government's position. *First*, Otey filed objections to the pre-sentence report contesting whether the total loss amount was attributable to her. *Second*, Otey objected to the Government's proposed loss amount during the sentencing hearing. Accordingly, we reject the Government's narrow reading of Otey's use of "attributable" in her filed objections to the pre-sentence report. Cf. United States v. Sorrells, 432 F.3d 836, 838 (8th Cir. 2005) (concluding that confusing factual objections to information contained in a pre-sentence report was sufficient to place the Government and district court on notice that defendant was challenging the factual allegations in the pre-sentence report).

## IV

We have the option of remanding for either a full re-sentencing or one based solely on the existing record. Compare United States v. Cornelius, 968 F.2d 703, 705 (8th Cir. 1992) (a remand without limiting instructions permits the district court to "hear any relevant evidence on [an] issue that it could have heard at the first hearing") (internal citation and parentheticals omitted) with United States v. Poor Bear, 359 F.3d 1038, 1043-44 (8th Cir. 2004) (remanding to re-sentence defendant on the existing record because the government violated clearly settled legal principles at the first hearing). In this case, we believe the Government had sufficient notice of Otey's factual objection to the loss amount that it should not be afforded a second opportunity to present additional evidence on this issue. Accordingly, we vacate Otey's sentence and remand for re-sentencing based on the existing record.

_____