# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 08-3280

_____

United States of America,

     Appellee,

  v.

Lamont Montgomery,

     Appellant.

\*
\*
\*
\*
\* Appeal from the United States
\* District Court for the
\* Eastern District of Missouri.
\*
\*  [UNPUBLISHED]
\*

_____

Submitted: February 13, 2009
Filed: May 15, 2009

_____

Before RILEY, SMITH, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

  Lamont Montgomery pleaded guilty to being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). The district court[1] sentenced Montgomery to 120 months' imprisonment, the statutory maximum under 18 U.S.C. § 924(a)(2). On appeal, Montgomery argues that the district court erred by failing to require the United States to prove the facts underlying his sentencing enhancements by a preponderance of the evidence and by applying sentencing enhancements that had a "disproportionate

_____

[1]The Honorable Charles A. Shaw, United States District Judge for the Eastern District of Missouri.

impact" on his sentence. We reject Montgomery's arguments and affirm the judgment of the district court.

## I. *Background*

In his plea agreement, Montgomery stipulated that the Government would prove the following facts beyond a reasonable doubt:

> On March 6, 2008, the St. Louis Metropolitan Police Department received a call for a just stolen red Ford Mustang. Within a few minutes[,] an officer spotted the Mustang and started to follow the vehicle. A pursuit began[,] resulting in the Mustang crashing in the 1600 block of Hodiamont. The defendant, the driver of the Mustang, exited and began running. The officer maintained pursuit still in his police vehicle. When he spotted the defendant, the officer exited his vehicle and the defendant fired several shots at him. The officer fell to the ground[,] and the defendant approached him and continued to fire at the officer[.] At this point[,] other officers arrived on the scene and began to fire at the defendant. At this time[,] the defendant jumped in a police car and drove off. He crashed the police vehicle and again began running. He was found hiding in a trash can[,] and[,] in a second trash can, the police found the firearm. After his arrest, the defendant admitted the possession of the firearm and shooting at the officer.

Montgomery's presentence investigation report (PSR) recommended the application of U.S.S.G. § 2K2.1(b)(6), a four-level enhancement based on Montgomery's possession of a firearm in connection with other felony offenses, and U.S.S.G. § 2A2.1(a)(1), an enhancement to a base offense level of 33 because the object of Montgomery's offense would have constituted first-degree murder. The PSR recommended a three-level downward adjustment for acceptance of responsibility, producing a total offense level of 30. With a criminal history category IV, Montgomery's applicable Guidelines range was 135 to 168 months, reduced to the statutory maximum of 120 months pursuant to U.S.S.G. § 5G1.1(a).

Montgomery objected to the § 2K2.1(b)(6) and § 2A2.1(a)(1) enhancements on the basis that he had not pleaded guilty to or been convicted of the charges underlying the enhancements. At his sentencing hearing, Montgomery clarified that his objections did not involve "the actual conduct" alleged in the PSR. The district court overruled Montgomery's objections and sentenced him to 120 months' imprisonment followed by two years of supervised release.

## II. *Discussion*

Montgomery first argues that the Government failed to prove by a preponderance of the evidence that he had committed the offenses underlying the sentencing enhancements. But "[a] sentencing court may accept the facts in a PSR as true unless the defendant objects to specific factual allegations." *United States v. Sorrells*, 432 F.3d 836, 838 (8th Cir. 2005); *see also* Fed. R. Crim. P. 32(i)(3)(A) (stating that a sentencing court "may accept any undisputed portion of the presentence report as a finding of fact"). Montgomery did not object to any specific factual allegations in the PSR, and he concedes that he had agreed that there was no need for testimony at his sentencing hearing in light of the admissions in his plea agreement. The district court was entitled to accept the facts in Montgomery's PSR as true, and those facts support the application of the § 2K2.1(b)(6) and § 2A2.1(a)(1) enhancements.

Montgomery next argues that the application of the sentencing enhancements had a disproportionate impact on his sentence and thereby violated his due process rights. "It is well-understood that generally a district court may rely on facts found by a preponderance of the evidence to aid it at sentencing." *United States v. Garth*, 540 F.3d 766, 773 (8th Cir. 2008). "We have, however, said that there could be circumstances where due process would require those facts that have an 'extremely disproportionate' effect on a defendant's sentence to be found by a heightened standard, although we have never required such a standard to be applied." *Id.* We have "upheld a sentence based on facts found by a preponderance that have raised a

sentencing range four-fold," *United States v. Bradford*, 499 F.3d 910, 920 (8th Cir. 2007) (citing *United States v. Alvarez*, 168 F.3d 1084, 1088 (8th Cir. 1999)), and the sentencing enhancements applied by the district court did not have such a significant impact on Montgomery's sentence. The district court's application of the sentencing enhancements did not violate Montgomery's due process rights.

## III. *Conclusion*

Accordingly, we affirm the judgment of the district court.

_____