# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 09-2773

_____

United States of America,    *
                             *
    Plaintiff - Appellee,    *
                             *
                             *  Appeal from the United States
v.                           *  District Court for the Western
                             *  District of Missouri.
                             *
Santiago Almazan, Jr.,       *
                             *       [UNPUBLISHED]
    Defendant - Appellant.   *

_____

Submitted: April 16, 2010
Filed: March 3, 2011

_____

Before BYE, JOHN R. GIBSON,[1] and GRUENDER, Circuit Judges.

_____

PER CURIAM.

    Santiago Almazan, Jr. pleaded guilty to possession with intent to distribute 500 grams or more of cocaine and was sentenced to the statutory mandatory minimum of sixty months' imprisonment. See 21 U.S.C. § 841(a)(1), (b)(1)(B). He appeals his

_____

[1]The Honorable John R. Gibson retired from service on this court on January 26, 2011. This opinion is being filed by the remaining judges of the panel pursuant to 8th Cir. Rule 47E.

sentence, arguing that the district court[2] should have granted him a safety-valve reduction pursuant to 18 U.S.C. § 3553(f).  We affirm.

A detective working interdiction at a Kansas City bus terminal was watching as passengers got off a bus that had originated in Texas.  The detective had made drug arrests on this route before.  He saw Almazan leave the bus, carrying a gym bag and talking on a cell phone, and he watched as Almazan walked around the bus and looked at the luggage compartment under the bus carriage.  Almazan retrieved no luggage, walked through the terminal, and went to a taxi on the other side of the building.  The detective stopped him, asked  for his identification and bus ticket, and ultimately searched Almazan's person and belongings with his consent.  The detective found a hard packet concealed under Almazan's pants that contained approximately 1.05 kilograms of cocaine.  Almazan admitted that he was transporting cocaine and said he was expecting to earn $500 for its delivery.  Drug Enforcement Administration officers later attempted to make a controlled delivery of the cocaine Almazan was carrying, but they were unable to do so.

Almazan was indicted for possession with intent to distribute 500 grams or more of cocaine.  Following the denial of his motion to suppress, Almazan pleaded guilty and the district court ordered that a presentence investigation report ("PSR") be prepared.  The PSR concluded that Almazan did not meet the criteria to receive a reduction in his offense level pursuant to the safety valve provision because the government reported that Almazan did not truthfully provide all the information and evidence he had concerning his offense.  Almazan did not object to the PSR.

At sentencing, despite his failure to object to the denial of safety-valve relief in the PSR, Almazan argued that he should be eligible for the safety-valve reduction.

---

[2]The Honorable Greg Kays, United States District Judge for the Western District of Missouri.

Recognizing that he needed support for his request, Almazan offered his Miranda waiver form and the investigative report from law enforcement as his only evidence. The district court concluded that Almazan had not made a proper objection to the determination in the PSR that he was not eligible for the safety valve and imposed the statutory mandatory minimum prison sentence of sixty months.

On appeal, Almazan argues that the district court violated his due process right to a fair sentencing hearing by refusing to consider his eligibility for the safety-valve reduction, either by entertaining an untimely objection to the presentence report or by granting a continuance. Rule 32 of the Federal Rules of Criminal Procedure generally requires each party to inform the probation office of its objections to a PSR within fourteen days of the party's receipt of the PSR. See Fed. R. Crim. P. 32(f)(1). There is no dispute that Almazan did not do so here. Nevertheless, the court at sentencing "may, for good cause, allow a party to make a new objection at any time before sentence is imposed." Fed. R. Crim. P. 32(i)(1)(D); see United States v. Jones, 70 F.3d 1009, 1010 (8th Cir. 1995) (per curiam)). The district court's decision whether to entertain such a new objection is reviewed for abuse of discretion. Jones, 70 F.3d at 1010.

Almazan's sole explanation, both before the district court and to us, for the absence of a timely objection to the denial of safety-valve relief in the PSR is a belief that the Government somehow objected to the PSR's recommendation regarding his eligibility for the safety valve. Almazan relies on a paragraph in the section of the PSR entitled "Offense Level Computation," recommending an adjustment in offense level of "0" for Specific Offense Characteristics. That paragraph states:

> **Specific Offense Characteristic(s):** None. Consideration was given to the application of the safety valve provision, pursuant to § 2D1.1(b)(11), which indicates that if the defendant meets the criteria set forth in subdivisions (1)-(5) of subsection (a) of § 5C1.2 (Limitation on Applicability of Statutory Minimum Sentences in Certain Cases), the

offense level is decreased 2 levels. According to the government, the defendant did not truthfully provide all information and evidence the defendant had concerning his offense. Therefore he did not meet the criteria for eligibility for the safety valve with regard to § 5C1.2(a)(5).

The quoted language does not constitute an objection by the Government. See United States v. Razo-Guerra, 534 F.3d 970, 976 (8th Cir. 2008) (requiring that objections to a PSR be made "with 'specificity and clarity.'" (quoting United States v. Wajda, 1 F.3d 731, 732 (8th Cir.1993)). To the contrary, the paragraph reports that the Government did not believe Almazan had truthfully provided all information in his possession regarding the offense, as required for safety-valve relief, and accordingly recommends the denial of such relief, an outcome to which the Government would have no need to object. Moreover, an addendum to the PSR noted that the PSR had been disclosed to Almazan, his counsel, and the Government, and that it had been modified to delete an erroneous prior conviction. The addendum concluded by noting that, as modified, the parties had no unresolved objections to the PSR. Such a conclusion is inconsistent with Almazan's later characterization of the Specific Offense Characteristic paragraph as a Government objection to the potential application of the safety valve.

The district court was well within its discretion to find that the new objection made by Almazan at sentencing, which the district court likened to a "bushwhacking" and aptly characterized as "not fair play" because the Government had no notice that pertinent evidence or witnesses would be required, was not supported by good cause for purposes of Rule 32. Cf. United States v. Angeles-Mendoza, 407 F.3d 742, 749 (5th Cir. 2005) (finding good cause to permit a new objection by the Government where "Defendants both had actual knowledge of the government's position before the hearing and presented a defense," indicating there had been "no prejudice to these defendants' ability to prepare adequately for sentencing").

-4-

In the absence of a timely objection, we review the denial of safety-valve relief for plain error. United States v. Rios, 171 F.3d 565, 567 (8th Cir. 1999). In response to the Government's position that he did not truthfully provide all information and evidence he had concerning the offense, Almazan speculated that the later controlled delivery of his cocaine failed because his contact, whom he could not identify in any way, must have observed the intervention of law enforcement when Almazan arrived at the bus stop. Despite an opportunity to proffer evidence on the issue, however, Almazan pointed to no specific facts or evidence that would tend to show he gave truthful, complete information to law enforcement. Under these circumstances, Almazan cannot meet his burden to show that it was error, plain or otherwise, for the district court to deny safety-valve relief. See United States v. Castaneda, 221 F.3d 1058, 1059 (8th Cir. 2000) (per curiam).

Finally, Almazan argues that, in the alternative, he should have been allowed to continue the sentencing so that he could have a fair opportunity to litigate the safety-valve issue. "We will reverse a district court's decision to deny a motion for a continuance only if the court abused its discretion and the moving party was prejudiced by the denial." United States v. Cotroneo, 89 F.3d 510, 514 (8th Cir. 1996). Almazan's argument is undermined by the position he took at sentencing, where he told the district court that he had already presented his only evidence of eligibility for safety-valve relief. In his brief to this court, Almazan makes no mention of any additional relevant evidence. Therefore, his argument that a continuance should have been granted is unavailing.

We affirm the judgment.

_____