# United States Court of Appeals

## For the Eighth Circuit

_____

No. 16-3796

_____

United States of America

*Plaintiff - Appellee*

v.

Eugene Dokes

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Eastern District of Missouri - St. Louis

_____

Submitted: June 5, 2017
Filed: October 5, 2017

_____

Before LOKEN, MURPHY, and MELLOY, Circuit Judges.

_____

LOKEN, Circuit Judge.

Eugene Dokes pleaded guilty to theft of United States property for knowingly receiving four Social Security disability benefits to which he was not entitled in December 2012 and January 2013.  See 18 U.S.C. § 641.  At sentencing, the district

court[1] adopted the Presentencing Investigation Report (PSR) finding that Dokes's on-going theft of Social Security benefits resulted in actual loss to the government of more than $40,000. This increased his total offense level by six levels. See U.S.S.G. § 2B1.1(b)(1)(D). Before making this finding, the court denied Dokes's motion for leave to file untimely objections to this PSR determination, concluding Dokes failed to show good cause for not timely objecting to the PSR. See Fed. R. Crim. P. 32 (f)(1) (parties must object in writing within fourteen days after receiving PSR); 32(i)(1)(D) (court may for good cause allow party to make a new objection before sentence is imposed). The court sentenced Dokes to five years probation including six months home confinement and ordered him to pay $45,835.60 in restitution to the Social Security Administration (SSA). Dokes appeals, arguing the district court erred in declining to consider his untimely objections. Concluding the court did not abuse its discretion, we affirm. See United States v. Almazan, 414 F. App'x 902, 904 (8th Cir. 2011) (standard of review).

SSA granted Dokes disability benefits in October 2006. In April 2010, responding to SSA's continuing disability review, Dokes reported he had not worked since his last medical decision, his condition had worsened, and he did not believe he could currently work. His wife later reported that Dokes had trouble concentrating, "did not engage in any social activities, had lost any interest in family and friends, and limited his hobbies and interests to playing video games and watching television." SSA determined Dokes was no longer disabled but then upheld his appeal in October 2010 and continued paying disability benefits.

In March 2013, prompted by Dokes's report of self-employment income on his 2011 tax return, SSA initiated a criminal investigation into whether he had substantially understated his ability to work. The investigation revealed that Dokes:

---

[1] The Honorable Carol E. Jackson, United States District Judge for the Eastern District of Missouri.

- Maintained Missouri realtor and broker licenses between April 2005 and July 2014 and started an investment company in 2008 as a licensed broker.

- Earned a bachelor's degree in business administration in 2008, a master's degree in 2009, and a Ph.D. in organization and management in 2013.

- Registered six profit and nonprofit companies and three fictitious names related to political campaigns between January 2006 and March 2013.

- Campaigned for the Missouri House of Representatives after July 2010, served on the Missouri Advisory Board for the United States Commission on Civil Rights, and served as Vice-Chair of a Republican county committee in July 2011.

- Earned $34,568 from the St. Louis County Missouri Housing Authority between June 2011 and April 2012 and reported self-employment income on his 2012 joint tax return.

SSA concluded Dokes was not disabled after July 2010 and received $45,835.60 in overpayments between October 2010 and January 2013. This prosecution followed.

The Sentencing Guidelines section of Dokes's plea agreement recited that the government believed six offense levels should be added because the government's loss exceeded $40,000; Dokes contended only four levels should be added because the loss calculation should begin in July 2011. See U.S.S.G. § 2B1.1(b)(1)(C)-(D). Dokes reiterated his disagreement with the government's loss contention at his Change of Plea Hearing. After accepting Dokes's guilty plea, the district court issued a Scheduling Order stating:

> **IT IS FURTHER ORDERED** that the deadline for filing objections to the Presentence Report is **August 29, 2016**. . . . No objections will be accepted after the deadline, except for good cause shown. . . .

**IT IS FURTHER ORDERED** that sentencing memoranda, if any, must be not less than ten (10) days prior to the sentencing date. **Objections to the presentence report are not to be included in the sentencing memoranda; objections must be filed as a separate document.**

The Probation Office submitted an initial PSR on August 15, noting the parties' disagreement regarding the amount of actual loss and adopting SSA's determination that benefit overpayments began October 2010 and ended January 2013, resulting in total overpayments of $45,835.60. Based on this calculation, the PSR recommended adding six levels for a total offense level of ten. On August 29, consistent with the Scheduling Order deadline, Dokes filed an Acceptance to Presentence Report stating he had reviewed the PSR with his attorney and "all objections have been resolved." On September 12, the Supervising Probation Officer approved a final PSR recommending the same loss figure and stating, "[t]he defendant has no objections." That same day, Dokes filed a Sentencing Memorandum asserting that the PSR "inaccurately overstate[s] the amount of money lost, resulting in a greater total offense level in the guidelines calculations" because Dokes "did not begin successfully functioning in any sort of 'employment' activity until he was selected as the Chairman of the St. Charles County Republican Party in July of 2011."

The district court scheduled Dokes's sentencing hearing for Monday, September 19. On Friday, September 16, Dokes filed a motion for leave to file untimely objections to paragraphs 4, 29, 36, and 83 of the PSR and requesting that his Sentencing Memorandum be treated as an objection to the recommendation of a six-level increase because the government's loss exceeded $40,000. The motion explained that Dokes had voiced this objection in the Plea Agreement, that his objection was noted in the PSR, and that "counsel mistakenly believed that this was sufficient as notification to demonstrate his objections to the loss calculation."

At the start of the sentencing hearing, counsel for Dokes explained, "I mistakenly believed that [the reference to the loss dispute in the plea agreement and the PSR] was sufficient to preserve that as an issue." The district court responded:

> Well, here's the thing. There was an acceptance to the presentence report that you filed, and after the guilty plea, an order was issued that set a deadline for filing objections, and I made it clear in that order that no objections would be received after the deadline except for good cause. I don't believe you have shown good cause for filing these objections out of time. I also made it clear in that order that objections are to be filed separately from any sentencing memorandum. The difficulty is that here on the Friday before the sentencing, you are asking the Court and the Probation Office to respond to objections that you have, and that's not possible to do with such short notice. Also, the deadlines that are put in place become meaningless if people don't adhere to them and don't have good reasons for not adhering to them. So I'm going to deny your motion.

On appeal, Dokes argues the district court abused its discretion in denying his motion for leave to file untimely objections to the PSR's loss determination. Dokes argues he demonstrated good cause because he stated his contrary loss contention in the plea agreement and at the change of plea hearing, the disagreement was noted in the PSR, and counsel "sincerely but incorrectly believed those efforts were sufficient." But this belief, however "sincere," was inconsistent with the filing of an unequivocal Acceptance to Presentence Report reciting Dokes's personal involvement in a determination that "all objections have been resolved." Cf. United States v. White, 447 F.3d 1029, 1032 (8th Cir. 2006) (written objection withdrawn when defendant acknowledged at sentencing that PSR facts were accurate). And Dokes's later attempt to revive a loss dispute in his Sentencing Memorandum was directly contrary to the district court's unambiguous order, in boldface, that "[o]bjections to the presentence report are not to be included in the sentencing memoranda [but] must be filed as a separate document." As in Almazan, the district

-5-

court was "well within its discretion" to conclude that Dokes's last-minute motion to challenge the PSR's resolution of a fact-intensive sentencing issue that he had previously conceded "was not supported by good cause for purposes of Rule 32." 414 F. App'x at 905.

We further note that Dokes's motion for leave to file untimely objections was no doubt futile. First, he only objected to PSR paragraphs recommending a six-level increase based on amount of loss, not the paragraphs stating facts supporting that recommendation (the SSA determination that overpayments began in October 2010 when the agency sustained Dokes's appeal and the payment of continued benefits, based on misrepresentations as to his lifestyle and work capabilities). Unless a party objects "with specificity and clarity" to fact statements in the PSR, the district court may accept those facts as true at sentencing. See United States v. Razo-Guerra, 534 F.3d 970, 976 (8th Cir. 2008), cert. denied, 555 U.S. 1193 (2009). Second, Dokes argued in the Sentencing Memorandum that overpayments did not start until July 2011 because that was when he first successfully functioned in employment activity. But overpayments began when he became *capable* of substantial gainful activity, regardless of when he began earning income. Third, for purposes of the increase in § 2B1.1(b)(1), "loss is the greater of actual loss or intended loss." U.S.S.G. § 2B1.1, comment. (n.3(A)). Had the district court allowed Dokes to raise an untimely objection to the amount of loss, the government could have presented evidence addressing when Dokes was able to engage in substantial gainful activity, see 42 U.S.C. § 1382c(a)(3)(A), when he intended to begin receiving benefits he did not deserve, and how long he intended those benefit thefts to continue. See United States v. Lemons, 792 F.3d 941, 950 (8th Cir. 2015).

The judgment of the district court is affirmed.

_____