# United States Court of Appeals
## For the Eighth Circuit
_____

No. 22-3013
_____

United States of America

*Plaintiff - Appellee*

v.

Kyle Ira Litson, Sr.

*Defendant - Appellant*
_____

Appeal from United States District Court
for the District of North Dakota - Western
_____

Submitted: March 13, 2023
Filed: May 12, 2023
[Unpublished]
_____

Before COLLOTON, MELLOY, and GRUENDER, Circuit Judges.
_____

PER CURIAM.

Kyle Litson pleaded guilty to one count of abusive sexual contact with a minor, *see* 18 U.S.C. §§ 2244(a)(5), 1153, admitting that he touched his stepdaughter's genitals on one occasion. The factual basis supporting the plea agreement mentions no other instances of abusive sexual contact.

Before Litson's sentencing, the probation office disclosed a presentence investigation report ("PSR"). The initial PSR calculated Litson's criminal-history category as II. The initial PSR also described four separate occasions on which Litson touched his stepdaughter's genitals. Accordingly, the initial PSR recommended a five-level sentencing enhancement under U.S.S.G. § 4B1.5(b) for "a pattern of activity involving prohibited sexual conduct."

After receiving the initial PSR, Litson sent a letter to the probation office and the Government "object[ing] to any reference in the presentence report that he sexually assaulted M.D. more than one time, and in particular to her accusation that the conduct happened more than once." Litson also objected to "the five-level enhancement for repeated behavior." Despite this letter, the final PSR noted that Litson objected only to "the five-level enhancement" and erroneously stated that "counsel did not provide a reason for the objection." The final PSR did not mention Litson's objection to the underlying factual allegations that Litson touched his stepdaughter's genitals on other occasions.

At sentencing, Litson reiterated his objection. But the district court, relying solely on the disputed allegations in the PSR, applied the sentencing enhancement for a pattern of prohibited sexual conduct. *See* § 4B1.5(b). The court relied again on the disputed allegations in discussing and applying the 18 U.S.C. § 3553(a) factors. The district court also stated that Litson's criminal-history category is III, not II as recommended in the PSR. With a total offense level of 26 and a criminal-history category of III, the district court determined that Litson's advisory sentencing guidelines range was 78 to 97 months' imprisonment. The district court then sentenced Litson to 60 months' imprisonment. Without application of the five-level enhancement, and putting aside for a moment that the district court may have incorrectly calculated Litson's criminal-history category,[1] Litson's guidelines range would have been 46 to 57 months' imprisonment.

---

[1]Litson did not raise this issue in his opening brief. Nevertheless, the Government argues that we should apply plain-error review, vacate Litson's sentence on this basis, and not reach the enhancement issue. Because we vacate

Litson appeals his sentence, arguing that the district court committed procedural error by relying on objected-to factual allegations to apply the five-level sentencing enhancement. "It is well established that a district court commits procedural error by basing a sentence on unproven, disputed allegations rather than facts." *United States v. Combs*, 44 F.4th 815, 817 (8th Cir. 2022) (per curiam) (ellipsis omitted). The Government admits that no evidence, besides the allegations in the PSR, supports the § 4B1.5(b) enhancement. Nonetheless, the Government urges plain-error review and argues that no error occurred here because Litson failed to object with specificity to the facts forming the basis for the enhancement. We disagree.

Objections to the PSR must "be made with specificity and clarity before a district court is precluded from relying on the factual statements contained in the PSR." *United States v. Razo-Guerra*, 534 F.3d 970, 976 (8th Cir. 2008) (internal quotation marks omitted). Objections must "put the Government on notice of the challenged facts" and "alert the Government as to which specific facts it needed to substantiate at the hearing." *Id.*

We conclude that Litson's objection was sufficiently specific and clear and that it alerted the district court and the Government to the specific facts the Government needed to prove at the hearing. *See id*. In a letter sent to the probation office and the Government, Litson objected "to any reference in the presentence report that he sexually assaulted M.D. more than one time, and in particular to her accusation that the conduct happened more than once." He also objected to "the five-level enhancement for repeated behavior." Litson repeated his objection at sentencing, stating that the "victim says or reported that there were at least four separate occasions over the course of several months and we're saying, no, there

---

Litson's sentence for the reasons he advances, we need not reach the Government's suggestion that the district court plainly erred in stating Litson's criminal history.

wasn't."[2]  And after the district court imposed sentence, Litson again noted his objection "to that portion of the Court's recitation that adopted the . . . allegation that there was sexual contact with any other child . . . or that any sexual contact with M.D. happened more than on one occasion."  Yet the disputed allegations were never proven.  Because the district court relied solely on the disputed allegations in the PSR to apply the five-level enhancement, it committed significant procedural error.  *See United States v. Wintermute*, 443 F.3d 993, 1005 (8th Cir. 2006) ("If the government fails in its burden and the district court sentences the defendant based on the allegations of uncharged conduct set forth in the PSR, which conduct increased the Guidelines base offense level, that sentence is in error, and we must vacate the sentence and remand for resentencing.").

Accordingly, we vacate Litson's sentence and remand for resentencing.

---

[2]This explicit objection, which followed the initial objection made in the letter to the probation office, *see* Fed. R. Crim. P. 32(f), distinguishes Litson's case from *Razo-Guerra*, on which the dissent relies.  There, the defendant initially objected only that he "should not be assessed a two point enhancement as a leader or organizer."  534 F.3d at 976 (alteration omitted).  Based on this curt statement, the defendant argued on appeal that he had "impliedly objected" to all of those facts in the PSR supporting the two-point enhancement.  *Id.* at 975-76.  We rejected his argument because his timely objections, meaning those not raised and argued for the first time at sentencing, were "not to the facts themselves, but only to the report's recommendation based on those facts."  *See id.* at 976 (internal quotation marks omitted).  Unlike the defendant's objection in *Razo-Guerra*, Litson's objection went "to the facts themselves" from the start.  For the dissent, this case apparently hinges on the fact that Litson never stated the paragraph numbers at which the disputed factual allegations appear.  But no authority imposes such a rule.  Instead, our cases require objections be made to "specific *factual allegations*," not specific paragraph numbers.  *See United States v. Sorrells*, 432 F.3d 836, 838 (8th Cir. 2005) (emphasis added).

COLLOTON, Circuit Judge, dissenting.

In applying a five-level increase under USSG § 4B1.5(b), the district court properly relied on unobjected-to facts in the final presentence report. Given the report of the victim that appellant Litson abused her on four separate occasions, the district court did not clearly err in finding that Litson "engaged in a pattern of activity involving prohibited sexual conduct." USSG § 4B1.5(b). Although the district court did mistakenly determine the applicable criminal history category, Litson did not object to this error, and there is not a plain error warranting relief. I would therefore affirm the judgment.

Section 4B1.5(b) of the sentencing guidelines provides that the district court should add five offense levels for an offender in Litson's situation if he "engaged in a pattern of activity involving prohibited sexual conduct." The final presentence report includes several paragraphs relevant to the application of § 4B1.5(b), as follows:

**The Offense Conduct**

\*   \*   \*

6.   On September 24, 2019, the FBI conducted a forensic interview with the minor victim. During the interview, M.D. reported that the defendant sexually abused her on four separate occasions by using his finger to rub her "private part," which she confirmed was her vagina. The first time the sexual abuse occurred, Litson called M.D. into his bedroom and instructed her to lay down on his bed. After she laid down, Litson pulled her nightgown up and her underwear down. Litson then used his finger to rub the outside of M.D.'s vagina. The second time the sexual abuse occurred, Litson called M.D. into his bedroom again. M.D. believed Litson was intoxicated, as she previously saw him bumping into things when he was walking. After M.D. laid down on his bed, Litson pulled her shorts and underwear down. Litson

rubbed the outside of her vagina, then told M.D. not to tell anyone about what happened.

7. The third time, Litson told M.D. that he needed to tell her something, so she went into his bedroom. Similar to the prior incidents, the defendant removed her shorts and underwear, then rubbed the outside of her bare vagina with his fingers. The fourth time the sexual abuse occurred, the defendant pulled M.D.'s shorts and underwear down, then inserted his finger inside her vagina. Approximately one month later, the defendant was arrested for Child Abuse, and M.D. was placed into foster care with her siblings.

\*        \*        \*

## Offense Level Computation

\*        \*        \*

27. Chapter Four Enhancement: Pursuant to USSG §4B1.5(b), if the offense of conviction is a covered sex crime, and neither §4B1.1 (Career Offender) nor section (a) of this guideline applies, and the defendant engaged in a pattern of activity involving prohibited sexual conduct, the offense level shall be increased by five. In this matter, the abusive sexual conduct with M.D. occurred on at least four separate occasions over the course of several months.

\*        \*        \*

## OBJECTIONS

\*        \*        \*

**Objection #2**: The defendant objected to the five-level enhancement under USSG §4B1.5(b) related to pattern of activity involving prohibited sexual conduct. Defense counsel did not provide a reason for the objection.

*Probation Officer's Response*: As previously noted in the response to the Government, U.S. Probation and Pretrial Services is not a party to

the Plea Agreement. The victim reported four separate instances of sexual abuse; therefore, no change was made to the Presentence Report.

At sentencing, when Litson was afforded an opportunity to object to the final presentence report, he objected only to paragraph 27. Defense counsel acknowledged that the victim reported four separate occasions of abuse and did not object to the factual recitation in paragraphs 6 and 7:

> THE COURT: . . . Any objection to the presentence report that's been prepared and filed in this case . . . .?
>
> [DEFENSE COUNSEL]: Yes, Your Honor. We did object to – primarily two issues. One was the five-level enhancement added to the base offense level for the repeat and dangerous – I'm looking at paragraph 27 on page 7. It's a Chapter 4 enhancement adding five levels where allegedly the defendant engaged in a pattern of activity involving prohibited sexual conduct.
>
> THE COURT: What paragraph are you on? I'm sorry.
>
> [DEFENSE COUNSEL]: Paragraph 27.
>
> THE COURT: 27. Okay. Sorry.
>
> [DEFENSE COUNSEL]: Yes. I wanted to make sure I had the right – I don't think the paragraphs changed. No. It's paragraph 27.
>
> THE COURT: I see that.
>
> [DEFENSE COUNSEL]: And it has been our position throughout the plea negotiations, preparation of the plea agreement, and the factual basis therein, that there was one occasion where he committed a sexual conduct – contact against victim M.D. He did not admit to more than that. That particular victim says or reported that there were at least four separate occasions over the course of several months and we're saying no, there wasn't.
>
> During plea negotiations, that was our position. The plea agreement reflected it. That five-level enhancement was not part of the

plea agreement, nor was anything in the factual basis that suggested more than one instance – one incident.

The district court overruled the objection to paragraph 27 and applied the five-level increase:

> With regard to paragraph 27, the Chapter 4 enhancement, pursuant to Sentencing Guideline 4B1.5(b), if the offense or conviction is a covered sex crime and neither 4B1.1 career offender or section (a) of the guideline applies, the defendant engaged in a pattern of activity involving prohibited sexual conduct, the offense level shall increase by five.
>
> In this case as noted in the presentence report, the abusive sexual contact with M.D. occurred on at least four separate occasions over the course of several months. From that the Court concludes the predicate exists for the Chapter 4 enhancement.

On appeal, Litson argues that the district court erred by relying on the factual recitation in paragraphs 6 and 7 in the Offense Conduct section of the presentence report. But where a defendant does not object to facts in the final presentence report, the court may consider those facts admitted and may rely on them in calculating the guideline range. Fed. R. Crim. P. 32(i)(3)(A). "[U]nless a defendant objects to a specific factual allegation contained in the PSR, the court may accept that fact as true for sentencing purposes." *United States v. Moser*, 168 F.3d 1130, 1132 (8th Cir. 1999).

At the outset of the sentencing hearing, the district court asked defense counsel to identify objections to the presentence report. Defense counsel three times cited an objection to paragraph 27 only. Litson's brief on appeal reiterates the same objection to that single paragraph in the Offense Level Computation section of the report: "The district court was on notice that the allegations in paragraph 27 of the PSR were disputed." Appellant's Br. 10.

Despite his exclusive focus on paragraph 27, Litson argues that his objection precluded the district court from relying on paragraphs 6 and 7 of the presentence report. This contention is contrary to settled law. We addressed the precise issue in *United States v. Razo-Guerra*, 534 F.3d 970 (8th Cir. 2008). There, the defendant objected to a paragraph of the presentence report that was comparable to paragraph 27 in Litson's report. The objected-to paragraph in *Razo-Guerra* "summarized the role in the offense enhancement and recommended a three-level enhancement." *Id.* at 975. The defendant asserted that his objection to the summary recommendation paragraph "impliedly objected to the underlying factual paragraphs." *Id.* at 976. This court rejected the argument: Because the defendant "objected not to the facts themselves, but only to the report's recommendation based on those facts, the district court appropriately accepted the specific factual allegations contained in" earlier paragraphs from the Offense Conduct section of the report. *Id.* (internal quotations omitted). *Razo-Guerra* dictates the same conclusion here.[3]

---

[3]The objected-to paragraph in *Razo-Guerra* provided as follows:

42.     **Adjustments for Role in the Offense**:  U.S.S.G. § 3B1.1(b) directs if the defendant was a manager or supervisor (but not an organizer or leader) and the criminal activity involved five or more participants or was otherwise extensive, increase by three levels. As set out in the Offense Conduct section, it appears this application is warranted for the following reasons:  the instant offense involved 10 participants . . .; the defendant organized three trips for marijuana to be transported to the Midwest; he directed and supervised for the co-defendant to transport marijuana and methamphetamine to a confidential informant; he recruited [a co-conspirator] to transport and sell marijuana; and he was involved with more than 10 pounds of 99% pure methamphetamine [] which he stored at a co-conspirator's shed and possessed the keys to the shed.

*United States v. Rubio-Guerrero*, No. CR06-4089-001-MWB (N.D. Iowa), R. Doc. 89, at 11.

Even so, the majority apparently reasons that Litson objected with "specificity and clarity" to paragraphs 6 and 7—without mentioning them—when counsel said that "the victim says or reported that there were at least four separate occasions over the course of several months and we're saying, no, there wasn't." Counsel made this comment, however, in the context of an objection to paragraph 27 only. Consistent with that objection to the recommendation paragraph, Litson argued that the court should not find a pattern of prohibited activity, but did not dispute that the victim reported abuse on four separate occasions. The district court was not required to accept the victim's report, but the court had authority to do so if the report was sufficiently reliable. USSG § 6A1.3(a) & comment. The district court properly relied on the unobjected-to paragraphs, determined that the victim's report was sufficient to support the five-level increase, and overruled Litson objection to paragraph 27. The majority's ruling that the district court should have intuited an objection to paragraphs 6 and 7 that Litson never articulated is contrary to circuit precedent and quite unfair to the district court.

The majority's attempt to distinguish *Razo-Guerra*, *ante* at 4 n.2, is unpersuasive. The defendant in *Razo-Guerra* objected to a summary paragraph recommending an adjustment for role in the offense and made an extensive argument challenging facts that would support the adjustment:

> [DEFENSE COUNSEL]: With respect to that, Judge, I'm going to object to finding 3 or 4, even really 2, I mean, he's a leader or organizer. And they haven't shown there are five or more people involved in this kind of conspiracy. Basically he had people deliver them, but the people that delivered the methamphetamine up here was Mr. Razo on all three occasions. It was Razo that brought the dope that was the 45 percent meth that he brought up from Omaha.
>
> Then the next incident they brought marijuana up from Omaha. That was Mr. Razo. And then the third time it was also Mr. Razo that brought the dope up.
>
> I think all this is – when you look at level – look at paragraph 34, the methamphetamine they got, the two pounds on the 4th, that was

-10-

brought by Mr. Razo to Sioux City from Omaha. There was only really two of them. Count the CI, there's three. When they toss in all this other stuff about Oklahoma and Texas, I just reiterate what I said before. Yeah, I got a picture. You know, it's a facial picture. I didn't know where it came from or what it was, and they wanted me to run up here and look in their file to – you know, playing hide and seek I suppose or blind man's bluff or whatever to find out what that information was. But that's not part of any conspiracy that's involved here.

You know, what – they've got two people involved in this. I mean, they're trying to lump in everybody else that might be associated with this Marcela Gutierrez, but she said she didn't know who put that dope in there. You know, we don't – other than the fact that there's a mere connection, it doesn't show my client had any control or any ability to control her or anybody else.

I mean, according to the government, the way the government thinks, every person involved in methamphetamine is in a conspiracy with everybody else because somewhere along the line they're going to do this or that even if they don't know each other. Well, that's not what the law is. It's pretty close.

\* \* \*

It's a black hole that sucks a lot of people in. But, you know, the way the drug world works is that there's people out there – when you put it in the context of people who are thieves or burglars or whatever, they know each other and they associate. It doesn't mean that they're all in the same conspiracy . . . .

*United States v. Rubio-Guerrero*, No. CR06-4089-001-MWB (N.D. Iowa), R. Doc. 105-1, at 13 (Tr. 46-48). This court nonetheless ruled that because the defendant objected only to the recommendation paragraph numbered 42, the district court properly relied on unobjected-to facts in paragraphs 27 through 29 and 31 of the presentence report to apply the adjustment. *Razo-Gurerra*, 534 F.3d at 976. By contrast, the majority's favored authority, *United States v. Sorrells*, 432 F.3d 836 (8th Cir. 2005), involved a specific objection to the "statement of facts" in

-11-

paragraphs 15 through 19 and the "information in paragraphs 15-19" of the presentence report in that case, along with a request that the government be required to "prove up" the conduct. *Id*. at 838.

The majority's ruling here effectively hollows out *Razo-Guerra*, largely relieves a defendant of the burden to object with "specificity and clarity," and will likely leave sentencing judges and counsel with uncertainty about the status of factual recitations in a presentence report. It should be a simple matter for a party to identify paragraphs of a presentence report to which he objects, and it would behoove this court to retain the clarity of the decision in *Razo-Guerra*.[4]

The majority also cites a letter that Litson's counsel sent to the probation office before sentencing regarding a draft presentence report. This letter, however, was not presented to the sentencing judge and was not placed on the docket until two months after sentence was imposed. R. Doc. 91. If the defendant was not satisfied with the probation office's response to any objection to the draft presentence report, then it was his responsibility to make a specific and clear objection to the final presentence report at the sentencing hearing. *United States v. Hester*, 140 F.3d 753, 762 (8th Cir. 1998); *see United States v. Melendez-Rosado*, 57 F.4th 32, 40 (1st Cir. 2023). A sentencing judge cannot reasonably be expected to rule on objections in a

---

[4]Defense counsel in this case first argued that the district court should have required "actual proof rather than just the recitation of the probation officer's report" in a statement to the court after sentence was imposed. The rules of criminal procedure do not provide for the making of new objections after sentence is imposed, *cf.* Fed. R. Crim. P. 32(i)(1)(D), and the court's authority to modify a term of imprisonment once imposed is circumscribed by statute. 18 U.S.C. § 3582(c). Even assuming the district court had authority to reopen the proceedings to consider a new objection after sentence was imposed, it surely was not an abuse of discretion to disregard counsel's post-sentencing objection as untimely. *See United States v. Dokes*, 872 F.3d 886, 887 (8th Cir. 2017).

-12-

letter that the defendant never presented to the judge. The majority's suggestion of such a requirement is unprecedented and unwarranted.[5]

For these reasons, the district court properly considered the facts set forth in paragraphs 6 and 7 of the presentence report to which Litson did not object. The court did not clearly err in accepting the victim's report that Litson abused her on four separate occasions. The district court thus did not err in applying the five-level increase under USSG § 4B1.5(b).

Litson raises no other contention on appeal, but the government points out that the district court mistakenly determined that Litson's criminal history placed him in category III rather than category II under the guidelines. As a result, the court calculated an advisory guideline range of 78 to 97 months' imprisonment rather than 70 to 87 months. Although Litson does not raise this point, the government suggests that the district court's criminal history determination is a plain error that warrants a general remand for resentencing. *Cf. Silber v. United States*, 370 U.S. 717, 718 (1962) (per curiam).

On this record, there is no plain error warranting relief. This court should vacate a judgment based on a forfeited claim of error only when there is an obvious error that affected the defendant's substantial rights and seriously affected the fairness, integrity, or public reputation of judicial proceedings. *United States v. Olano*, 507 U.S. 725, 731 (1993). An error affects substantial rights if there is a reasonable probability that it affected the outcome of the proceeding. *United States v. Dominguez Benitez*, 542 U.S. 74, 82 (2004). In most cases, an erroneous guideline calculation will be sufficient to demonstrate a reasonable probability of a different

---

[5]The majority also criticizes the probation officer for "erroneously" stating in the final presentence report that defense counsel's letter "did not provide a reason for the objection" to the five-level increase. Why this statement was "erroneous" is not explained. In any event, if Litson thought the probation officer's summary of the objection was erroneous, then it was his obligation to raise a specific and clear objection at sentencing.

outcome, but there will be some instances in which the district court's explanation of the sentence will show that a reasonable probability does not exist. *Molina-Martinez v. United States*, 578 U.S. 189, 200 (2016).

There is no reasonable probability here that the district court would have imposed a more lenient sentence if the court had determined the correct guideline range of 70 to 87 months. At sentencing, both parties recommended a sentence well below the advisory guideline range. Litson requested a sentence of 41 months' imprisonment. The government recommended an even shorter sentence of 36 months' imprisonment based on its erroneous assumption in Litson's plea agreement that the total offense level under the guidelines was 19 rather than 26. Although Litson's plea agreement specifically provided that "[t]here may be other adjustments the parties have not agreed upon," and the government later agreed that the probation office properly applied other adjustments that added seven offense levels, the government took the position at sentencing that it could not "in good faith" say that the court should apply the proper guideline range.

The district court firmly rejected the recommendations of the parties. The court observed that "[w]e have two children that were substantially abused on the basis of the defendant's conduct and a 36-month sentence is not sufficient based upon that conduct." The court found that Litson abused both the principal victim, who was aged seven to nine years, and her younger sister on an ongoing basis over a two-year period. The court cited the fact that Litson sexually abused the older girl on four separate occasions by rubbing or digitally penetrating her vagina. The court recounted that Litson often hit both girls with his belt or a plastic clothes hanger, and that the resultant bruising was so severe that the outline of the belt buckle was visible on their bodies. The court noted that school teachers and a case manager from child protective services reported that the girls showed signs of long-term abuse and neglect.

It is evident here that a recalculated guideline range would not have affected the sentence imposed. Both parties recommended a sentence well below the

-14-

applicable guideline range.  But the district court engaged in a thorough examination of the sentencing factors under 18 U.S.C. § 3553(a) and determined that a sentence below 60 months' imprisonment would be insufficient to protect the community, account for the nature and circumstances of the offense, and promote respect for the law.  The sentencing judge's explanation makes it clear that the judge based the sentence he selected on factors independent of the guidelines.  *See Molina-Martinez*, 578 U.S. at 200.  Relief is therefore not warranted, and the judgment should be affirmed.[6]

_____

_____

[6]Given the majority's holding and the government's advocacy for a sentence substantially below the applicable guideline range, it is well to note that the district court on remand has authority to develop the record for sentencing if the United States Attorney will not do so.  The district court should not accept an inaccurate stipulation of facts, USSG § 6B1.4, comment., or an inaccurate guidelines calculation, and the court may summon the probation officer or other witnesses to determine an appropriate factual basis for sentencing.  *United States v. Johnson*, 503 F. App'x 901, 906 (11th Cir. 2013); *cf*. Fed. R. Evid. 614; *United States v. Karnes*, 531 F.2d 214, 216 (4th Cir. 1976).